

EMIL BOVE
Emil.Bove@blanchelaw.com
(212) 716-1250

October 5, 2023

<u>Via ECF</u>
Honorable Analisa Torres
U.S. District Judge
Southern District of New York

      Re:    <u>United States v. Yanping Wang, et al., No. 23 Cr. 118 (AT)</u>

Dear Judge Torres:

      We write on behalf of Yanping Wang in further support of defendants' August 30, 2023 motion to stay proceedings in *In re Ho Wan Kwok, et al.*, Case No. 22-50073 (JAM) (Bank. D. Conn.) and related bankruptcy proceedings. (*See* Dkt. Nos. 129-31, 135).[1]

      The defendants seek a relatively brief stay of the bankruptcy proceedings during the build-up to their April 2024 trial date. Beginning with the frivolous claim that the Court lacks authority to protect the integrity of these proceedings, the Trustee's flawed opposition illustrates the ongoing threat that he poses to the defendants' rights. And while the Trustee apparently questions whether the constitutional concerns are "genuine," the Court can rest assured that Ms. Wang is quite sincere in her position that fundamental fairness in this criminal case is paramount in light of the severe penalties the defendants face. (Dkt. No. 145 at 15 n.23).

      The threat is particularly acute with respect to Ms. Wang because she was not—and is not currently—in a position to object to the Trustee's baseless allegations and overreach in the bankruptcy proceedings. (*See* Dkt. No. 145 at 34 (Trustee arguing that Ms. Wang "is *not* a debtor in the Bankruptcy Case, nor a defendant in any of the pending adversary proceedings in the Bankruptcy Cases")). That said, despite her non-party status, the unwarranted threat to Ms. Wang is continuing in nature.

      With respect to the attorney-client privilege, the Trustee has reserved the right to invade communications that implicate Ms. Wang's common-interest arrangements with other counsel. (*See id.* at 24 n.33). The prosecutors have also left open the possibility that they may at some point seek to obtain those communications for use in this case. (*See* Dkt. No. 148 at 2 (prosecutors arguing that they do not "presently" intend to collect privileged communications from Trustee)). The bankruptcy court's recent approval of the Trustee's Rule 2004 subpoena to attorney Victor Cerda looms large in this regard because, as noted previously, Ms. Wang and her attorneys have participated in common-interest communications with Mr. Cerda. (*See* Dkt. No. 135 at 2-3).

---

[1] Ms. Wang joins the arguments set forth in the October 5, 2023 reply submissions by co-defendant Ho Wan Kwok. Ms. Wang also joins Mr. Kwok's September 20, 2023 motion to compel the prosecutors to produce communications with the Trustee and the SEC. (*See* Dkt. Nos. 141-43).

October 5, 2023
Page 2

With respect to the Fifth Amendment, the Trustee threatens that he "intends to bring an action against Ms. Wang" for an alleged civil violation of the bankruptcy stay. (*Id.* at 20 n.28). In that event, Ms. Wang will be faced "with the dilemma of making potential incriminating admissions during discovery" in the Trustee's lawsuit due to the pending charges in this case, or "asserting [her] Fifth Amendment right, on the basis of which the civil jury can draw an adverse inference" in favor of the Trustee. *SEC v. Javice*, 2023 WL 4073797, at *5 (S.D.N.Y. 2023) (cleaned up).

Rather than acknowledging the risks that the Trustee is creating to their case, the prosecutors endeavor to defend the decision to join forces with him—including in a "Settlement Agreement" in which they agreed to permit the Trustee to deplete funds relating to the Mahwah Facility that they previously alleged was subject to forfeiture. (Superseding Indictment ¶ 55(v)). The prosecutors' decision to "use [their] evidence" by sharing it with the Trustee may have been permissible under the Protective Order. (Dkt. No. 148 at 3 n.2). But it also has significant implications, and will require additional fact finding, in connection with anticipated defense motions regarding the scope of the prosecution team and due process violations resulting from their extensive coordination.

Given this context, the prosecutors' assertion that they "presently take[] no position" on the motion serves as additional evidence of collaboration rather than a considered view offered by officers of the court responsible for the administration of justice. (Dkt. No. 148 at 1). In the related SEC case, the prosecutors argued that a stay was appropriate for the following reasons:

- "The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."

- "A stay will prevent Kwok (who is a defendant in the Criminal Case) from having to choose between asserting his Fifth Amendment rights during civil discovery and thereby being prejudiced in the SEC Civil Action or asserting those rights and thereby being prejudiced in the Criminal Case."

- "Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the Criminal Case, thereby simplifying and streamlining the SEC Civil Action."

- "The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Courts recognize this as an important factor that weighs in favor of a stay of parallel civil proceedings."

Dkt. No. 42 at 4-5 (cleaned up), *SEC v. Kwok, et al.*, No. 23 Civ. 2200 (PGG) (S.D.N.Y. Apr. 28, 2023). It is difficult to understand how those reasons apply any differently here.

October 5, 2023
Page 3

      In short, Ms. Wang has no other recourse, and the All Writs Act provides the Court with ample power to ensure a just outcome. Staying the bankruptcy proceedings would be a prudent and appropriate use of that authority so that the defendants' trial can proceed in a fair manner.

Respectfully Submitted,

*/s/ Emil Bove*
Emil Bove
Blanche Law PLLC

Alex Lipman
Lipman Law PLLC

*Attorneys for Yanping Wang*

Cc:    Counsel of Record
        (Via ECF)