

1(202) 551-1902
nicholasbassett@paulhastings.com


March 5, 2024


Hon. Analisa Torres
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *United States v. Kwok, et al,* 1:23-cr-118 (AT)

Dear Judge Torres:

As the Court is aware, we represent Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") in the chapter 11 bankruptcy case of defendant Ho Wan Kwok pending in the United States Bankruptcy Court for the District of Connecticut.  As we indicated in our Response in Opposition to Defendant Ho Wan Kwok's Renewed Motion to Stay Bankruptcy Cases and Motion for Reconsideration, submitted January 19, 2024 (Dkt. 234, ¶¶ 9 and n.3, 21, 28), we have moved (the "Motion") before the Bankruptcy Court for entry of an order staying the adversary proceedings styled *Despins v. Ngok, et al.,* Adv. Proc. No. 24-5273 (referred to as the "Civil RICO Action") and *Despins v. ACA Capital Group Ltd., et al.,* Adv. Proc. No. 24-5249 (referred to as the "Omnibus Alter Ego Action") and addressing other matters pending the conclusion of the trial in the above-referenced criminal case before this Court.  The as-filed Motion is affixed hereto as Exhibit 1.

Respectfully submitted,

/s/ Nicholas A. Bassett


Nicholas A. Bassett
of PAUL HASTINGS LLP


NAB

Encl.

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------x
:
In re:                                               :       Chapter 11
:
HO WAN KWOK, *et al.*,[1]                             :       Case No. 22-50073 (JAM)
:
Debtor.                                    :       (Jointly Administered)
-------------------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee,                  :       Adv. Proceeding  24-05273
:
Plaintiff,                                 :
:
v.                                                   :
:
HING CHI NGOK, MEI GUO, QIANG GUO,                   :
WILLIAM JE, YVETTE WANG, XUEBING WANG,               :
MAX KRASNER, CHUNGUANG HAN,                           :
YONGBING ZHANG, AARON MITCHELL, GTV                  :
MEDIA GROUP, INC., SARACA MEDIA GROUP,               :
INC., HUDSON DIAMOND NY LLC, G-CLUB US               :
OPERATIONS LLC, BRAVO LUCK LIMITED,                  :
GREENWICH LAND LLC, CRANE ADVISORY                   :
GROUP L.L.C., G-CLUB OPERATIONS LLC, GS              :
SECURITY SOLUTIONS INC., GYPSY MEI FOOD              :
SERVICES LLC, HCHK TECHNOLOGIES INC.,                :
LEXINGTON PROPERTY AND STAFFING,                     :
HAMILTON OPPORTUNITY FUND SPC, TAURUS                :
FUND LLC, TAURUS MANAGEMENT LLC,                     :
LEADING SHINE NY LTD., ACA CAPITAL                   :
GROUP LIMITED, RULE OF LAW FOUNDATION                :
III, INC., RULE OF LAW SOCIETY IV, INC.,             :
HAMILTON PE FUND SP, HAMILTON DIGITAL                :

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

ASSETS FUND SP, HIMALAYA CURRENCY
CLEARING PTY. LTD, HIMALAYA
INTERNATIONAL FINANCIAL GROUP LIMITED,
HOLY CITY HONG KONG VENTURES, LTD.,
VICTOR CERDA, ANA C. IZQUIERDO-HENN,
HAITHAM KHALED, JESSICA
MASTROGIOVANNI, ALEX
HADJICHARALAMBOUS, BEILE LI, ANTHONY
DIBATTISTA, GLADYS CHOW, SCOTT
BARNETT, HAORAN HE, HSIN SHIH YU,
LIMARIE REYES MOLINARIS, NICHOLAS
SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR
USA, INC., G CLUB INTERNATIONAL LIMITED,
GNEWS MEDIA GROUP INC. HIMALAYA
INTERNATIONAL CLEARING LTD., HUDSON
DIAMOND HOLDINGS LLC, LAWALL &
MITCHELL, LLC, O.S.C. ORBIT SERVICE
COMPANY LLC, and SAVIO LAW LLC

       Defendants.

-------------------------------------------------------------------x

LUC A. DESPINS, Chapter 11 Trustee,

       Plaintiff,

v.

ACA CAPITAL GROUP LTD., ALFA GLOBAL
VENTURES LIMITED, ALFONSO GLOBAL
VENTURES LIMITED, ANTON DEVELOPMENT
LIMITED, BRAVO LUCK LIMITED, CELESTIAL
TIDE LIMITED, CHINA GOLDEN SPRING
GROUP (HONG KONG) LTD., EASTERN PROFIT
CORPORATION LIMITED, FREEDOM MEDIA
VENTURES LIMITED, G CLUB INTERNATIONAL
LIMITED, G CLUB OPERATIONS LLC,
G FASHION (CA), G FASHION HOLD CO A
LIMITED, G FASHION HOLD CO B LIMITED, G
FASHION INTERNATIONAL LIMITED,
GFASHION MEDIA GROUP INC., G MUSIC LLC,
GF IP, LLC, GF ITALY, LLC, GFNY, INC.,
HAMILTON CAPITAL HOLDING LIMITED,
HAMILTON INVESTMENT MANAGEMENT
LIMITED, HAMILTON OPPORTUNITY FUND

Adv. Proceeding  24-05249

SPC, HAORAN HE, HIMALAYA CURRENCY      :
CLEARING PTY LTD., HIMALAYA             :
INTERNATIONAL CLEARING LIMITED,         :
HIMALAYA INTERNATIONAL FINANCIAL        :
GROUP LIMITED, HIMALAYA INTERNATIONAL   :
PAYMENTS LIMITED, HIMALAYA              :
INTERNATIONAL RESERVES LIMITED, JOVIAL  :
CENTURY INTERNATIONAL LIMITED,          :
K LEGACY LTD., KARIN MAISTRELLO,        :
LEADING SHINE LIMITED, MAJOR LEAD       :
INTERNATIONAL LIMITED, MEI GUO, NEXT    :
TYCOON INVESTMENTS LIMITED, QIANG       :
GUO, RULE OF LAW FOUNDATION III, INC.,  :
RULE OF LAW SOCIETY IV, INC., SARACA    :
MEDIA GROUP, INC., SEVEN MISSION GROUP  :
LLC, WILLIAM JE, WISE CREATION          :
INTERNATIONAL LIMITED,                  :
                                        :
              Defendants.               :
-------------------------------------------------------------------x

### TRUSTEE'S MOTION TO STAY ADVERSARY PROCEEDINGS AND OBTAIN OTHER RELIEF PENDING DISPOSITION OF CRIMINAL PROCEEDING

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby files this motion (the "Motion") for entry of the proposed order filed herewith as **Exhibit 1** (the "Proposed Order") staying the adversary proceedings styled *Despins v. Ngok, et al*., Adv. Proc. No. 24-5273 (the "Civil RICO Action") and *Despins v. ACA Capital Group Ltd. et al.*, Adv. Proc. No. 24-5249 (the "Omnibus Alter Ego Action," and together with the Civil RICO Action, the "Subject Adversary Proceedings") and addressing other matters pending disposition of the criminal case pending in the United States District Court for the Southern District of New York (the "Criminal Court") captioned *United States of America v. Ho Wan Kwok, et al.*, Case No. 23-CR-118 (AT) (the "Criminal Case").

## PRELIMINARY STATEMENT

1.      On February 15, 2024, the Trustee commenced the Civil RICO Action and the Omnibus Alter Ego Action against a total of approximately 109 defendants.  The Civil RICO Action alleges that the Debtor and a number of his associates conspired to form and operate, and did operate, a fraudulent enterprise to keep the Debtor's assets from his creditors, committing a number of predicate criminal acts in the process.  The Trustee seeks damages from the Civil RICO Defendants[2] for the harm their actions caused to creditors.  Meanwhile, the Omnibus Alter Ego Action seeks a declaratory judgment that various shell companies and other entities are the Debtor's alter egos (and/or beneficially owned by him), such that their assets are property of the estate.  On February 29, 2024, summons were issued in the Subject Adversary Proceedings.  The Trustee is in the process of serving the Civil RICO/Alter Ego Defendants.

2.      The Trustee commenced the Civil RICO Action and the Omnibus Alter Ego Action when he did to, among other things, ensure he met the statutory deadline of February 15, 2024 (the "February 15 Deadline") to bring certain types of claims under title 11 of the United States Code (the "Bankruptcy Code").  In addition to the Civil RICO Action and the Omnibus Alter Ego Action, the Trustee also commenced approximately 270 other actions on or shortly before the February 15 Deadline.  Most of these other actions involve claims to recover actual or constructive fraudulent transfers and unauthorized post-petition transfers.

3.      The Trustee is keenly aware of the administrative burdens that the simultaneous pursuit of such a large number of actions may place on the parties and the Court.  The Civil RICO Action and the Omnibus Alter Ego Action, in particular, could be especially taxing on the parties' and the Court's resources given the complexity of the issues they raise and the number of

---

[2]      Capitalized terms not defined in this Preliminary Statement have the meanings given to such terms in the remainder the Motion.

defendants they involve.  For these reasons, the Trustee believes a temporary stay of some of the recently-commenced litigation is necessary from a case management standpoint.

4.      The Trustee also believes a stay is warranted in light of the forthcoming trial in the Debtor's Criminal Case, which is set to begin on or around May 20, 2024.  As the Court is aware, the Debtor has filed a renewed motion with the Criminal Court for an order staying this chapter 11 case in its entirety based on, among other things, the allegation that the Trustee's pursuit of the claims at issue in the Civil RICO Action and the Omnibus Alter Ego Action would interfere with his criminal defense rights.[3]  Although the Trustee has objected to the Debtor's motion and believes it lacks merit, the Trustee has informed the Criminal Court that he will seek to stay the Civil RICO Action and the Omnibus Alter Ego Action in order to moot the Debtor's arguments and eliminate any possibility of a global stay of the Debtor's chapter 11 case.

5.      For these reasons and the others set forth herein, the Trustee believes it is in the estate's best interest for the Court to stay the Subject Adversary Proceedings as set forth in the Proposed Order until the conclusion of the trial in the Criminal  Case.  During this stay period, the Trustee would be able to continue serving the Civil RICO/Alter Ego Defendants (to ensure they receive notice of the litigation as soon as possible) and would also reserve his rights, upon notice to the parties in the Criminal Case, to seek injunctive or other relief as necessary to guard against the dissipation of assets or otherwise protect the estate.  The Subject Adversary Proceedings would otherwise be stayed as set forth in the Proposed Order.

6.      In addition to staying the Subject Adversary Proceedings, the Trustee also requests an order temporarily staying depositions in the main bankruptcy case, including without limitation

---

[3]      *See* Criminal Case, [ECF No. 218].  References to docket entries in the Criminal Case will be presented as "ECF No. [  ]," while references to docket entries in the Subject Adversary Proceedings or the main bankruptcy case will be presented as "Docket No." or "Dkt. No."

the taking of depositions pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Such a stay is necessary because the Trustee wishes to avoid any possibility of deposing parties who are witnesses in the Criminal Case, otherwise interfering with the Government's prosecution of the Criminal Case, or giving the Debtor further grounds to support his requested stay of his chapter 11 case in its entirety. The Trustee would reserve the right during the stay period to move the Court for permission to take a deposition, upon notice to the parties to the Criminal Case, if necessary to protect estate assets or ensure the orderly administration of the chapter 11 estate.

7.      For these reasons, and because the requested stays are well-within the sound discretion of the Court in managing its docket, the Trustee respectfully requests this Motion be granted and the Court enter the Proposed Order imposing the requested stays.

## **BACKGROUND**

8.      On February 15, 2022, the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case"). On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order directing the United States Trustee to appoint a chapter 11 trustee. Main Case,[4] [Docket No. 465]. On July 8, 2022, the Bankruptcy Court entered an order appointing the Trustee. *Id.,* [Docket No. 523].

9.      On January 18, 2024, the Trustee filed the *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions under Bankruptcy Code Sections 108, 546(a), and 549* [Docket No. 2509] seeking to extend the deadline to file avoidance actions from February 15, 2024 to August 15, 2024 to allow him to complete his investigation.

10.     On February 15, 2024, the Court entered its *Memorandum of Decision and Order Granting in Part Motion to Extend Deadlines* [Docket No. 2921] (the "Extension Decision"),

---

[4]     References to the "Main Case" are to docket number 22-50073.

extending the deadline to file avoidance actions until August 15, 2024, which date is subject to further extensions upon notice and hearing.

11.     On or shortly before the February 15 Deadline and the Court's Extension Decision, in accordance with his statutory obligations, the Trustee filed approximately 270 avoidance actions, the Omnibus Alter Ego Action and the Civil RICO Action.

12.     The Omnibus Alter Ego Action was filed against 52 defendants (the "Alter Ego Defendants") and seeks a ruling that, among other things, the Alter Ego Defendants are the alter ego of the Debtor, and/or the Debtor beneficially owns the Alter Ego Defendants, and the property of the Alter Ego Defendants is thus property of the estate.

13.     The Civil RICO Action was filed against 57 defendants[5] (the "Civil RICO Defendants," together with the Alter Ego Defendants, the "Civil RICO/Alter Ego Defendants"). The Civil RICO Action contains two causes of action: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and conspiracy to violate RICO.  Both the substantive count and the conspiracy count were brought against all of the Civil RICO Defendants.

14.     In or around March 2023, an indictment was returned by a grand jury against the Debtor, William Je, and Yvette Wang (together, the "Criminal Defendants") and eventually unsealed before the Criminal Court.  *See* Criminal Case, [ECF Nos. 1 and 2].  On January 4, 2024, the United States filed a superseding indictment that is the operative indictment as of the date of this filing (the "Superseding Indictment").  Criminal Case, [ECF No. 215].

15.     The Superseding Indictment was discussed in the Civil RICO Action and Omnibus Alter Ego Action. In particular, in the Civil RICO Action, the Trustee invokes and relies on the

---

[5]     Certain entities and/or individuals are defendants in both of the Subject Adversary Proceedings.

Superseding Indictment in the Criminal Case as illustrating numerous illegal acts involved in the fraudulent scheme detailed therein.

16.    The Superseding Indictment in the Criminal Case discusses various alleged illegal acts of the Debtor, William Je, Yvette Wang and their affiliated entities, many of which are Civil RICO Defendants and/or Alter Ego Defendants.

17.    In the Criminal Case, on August 30, 2023, the Debtor filed the *Motion for an Order and Writ Staying Bankruptcy Cases or in the Alternative for Other Relief* [ECF No. 129] (the "First Stay Motion") seeking an order from the Criminal Court staying the Chapter 11 Case, as well as the bankruptcy cases (the "Genever Cases," and together with the Chapter 11 Case, the "Chapter 11 Cases") of Genever Holdings Corporation ("Genever BVI") Genever Holdings LLC ("Genever US" and, together with Genever BVI, the "Genever Debtors"), which are being jointly administered with the Chapter 11 Case and involve the Debtor.  On September 21, 2023, the Trustee and Genever Debtors filed a response to the First Stay Motion. Criminal Case, [ECF No.145]. On December 21, 2023, the Criminal Court denied the Debtor's First Stay Motion.  *Id.,* [ECF No. 204].

18.    Subsequently, on January 4, 2024, the Debtor filed a *Renewed Motion to Stay Bankruptcy Cases and Motion for Reconsideration* (the "Renewed Stay Motion") in the Criminal Case to stay all three Chapter 11 Cases.  *Id.,* [ECF No. 218].  On January 19, 2024, the Trustee and the Genever Debtors filed a response to the Renewed Stay Motion.  *Id.,* [ECF No. 234].  In support of both the First Stay Motion and the Renewed Stay Motion, the Debtor has argued that there are issues in the Chapter 11 Cases that implicate his Constitutional rights and could prejudice his defense in the Criminal Case.  The Renewed Stay Motion remains pending before the Criminal Court in the Criminal Case.

19.     The trial in the Criminal Case is scheduled to begin on or around May 20, 2024.

### RELIEF REQUESTED

20.     The Trustee respectfully requests that the Court (a) stay the Subject Adversary Proceedings as set forth in the Proposed Order until the conclusion of the trial in the Criminal Case, subject to the Trustee's ability to (i) continue serving the Civil RICO/Alter Ego Defendants and (ii) upon application to this Court and notice to the parties in the Criminal Case, seek injunctive or other relief in the Subject Adversary Proceedings as necessary to protect the chapter 11 estate, and (b) stay the taking of depositions in the Chapter 11 Cases or in associated adversary proceedings, until the conclusion of the trial in the Criminal Case, subject to the Trustee's ability to move for permission to take depositions, with notice to the parties to the Criminal Case.

### BASIS FOR RELIEF REQUESTED

21.     It is undisputed that all courts have the inherent power to stay civil cases before them. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). It is within a court's discretion to stay civil litigation during the pendency of a concurrent criminal action "when the interests of justice seem to require such action, sometimes at the request of the [plaintiff], ... sometimes at the request of the defense[.]" *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

22.     "Courts have the inherent power to control their dockets while taking into account the 'economy of time and effort' for the court, counsel, and litigants." *In re Kowalski*, 633 B.R. 822, 827 (Bankr. N.D. Ill. 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. at 254). Several bankruptcy courts have stayed adversary proceedings until the disposition of a concurrent criminal case. *See, e.g.*, *In re Julmice*, 458 B.R. 657, 661-62 (Bankr. E.D.N.Y. 2011) (staying adversary proceeding given the ongoing criminal proceeding); *In re Kowalski*, 633 B.R. at 829 (staying adversary proceeding "until the conclusion of the criminal case in which Jan Kowalski and the

Debtor are charged with conspiracy to embezzle bank funds, bankruptcy fraud, and concealment of assets, among other charges.").

23.     The stay requested by the Trustee herein is appropriate both to help manage the volume of litigation before this Court and to prevent any possibility of interference with the Debtor's pending Criminal Case, in which trial will soon be commencing.  As noted above, the Trustee has recently filed more than 270 adversary proceedings in this Court, including the Subject Adversary Proceedings.  Given the issues and the number of defendants involved, the simultaneous pursuit of these adversary proceedings would be administratively taxing on the parties and on the Court.   By staying the Subject Adversary Proceedings until the conclusion of the trial in the Criminal Case, the Court, the Trustee, and all other parties will have the time necessary to determine an orderly and efficient schedule for the litigation once all defendants have been served.

24.     The stay is also appropriate to ensure that the Trustee's litigation does not interfere with the Criminal Case and to moot the Debtor's request for a global stay of the chapter 11 cases. To be clear, the Trustee believes the Debtor's global stay request has no merit and should be denied; however, because a global stay would be extremely prejudicial to the chapter 11 estate, the Trustee believes it is important to guard against the possibility of such a stay, however remote it may be.  To that end, the stay proposed by the Trustee will moot the Debtor's arguments that the Trustee's pursuit of the Subject Adversary Proceedings would interfere with his criminal rights due to the overlap between the subject matter of the Trustee's claims and allegations made in the Superseding Indictment.  Meanwhile, the estate's rights are protected during the stay period by the provision in the Proposed Order permitting the Trustee to seek injunctive relief to prevent dissipation of estate assets or otherwise guard against actions that could irreparably harm the estate.

25.      Just as the estate's interests are protected by the requested stay, the Civil RICO/Alter Ego Defendants' rights and interests are enhanced by the stay.  The Proposed Order provides such defendants with additional time to consider the Subject Adversary Proceedings' allegations and claims and to evaluate defenses.  Additionally, as a result of any stay, the Civil RICO/Alter Ego Defendants will avoid the burdens and costs of litigating the Subject Adversary Proceedings during the same period that the Criminal Case is going to trial.  To the extent a Civil RICO/Alter Ego Defendant might have concerns that its response to the Subject Adversary Proceedings could put it in legal jeopardy with respect to evidence or testimony in the Criminal Case, such fears would be assuaged by entering the limited stay requested herein.

26.      Finally, the additional request for a stay of deposition discovery is also justified under the circumstances of this case to avoid any possibility of interference with the Criminal Case.  The Trustee does not want to inadvertently depose a party who is set to be a witness in the Criminal Case in a manner that could interfere with the Government's prosecution or give the Debtor further grounds to support his request for a global stay.  Importantly, the Trustee would reserve the right during the stay period to move the Court for permission to take a deposition, upon notice to the parties to the Criminal Case, if necessary to protect estate assets or ensure the orderly administration of the chapter 11 estate.[6]

[*Remainder of Page Intentionally Left Blank.*]

---

[6]    For the avoidance of doubt, the Proposed Order would not prohibit the Trustee from continuing to file additional motions for Rule 2004 discovery seeking authority to serve subpoenas for document productions and depositions on various parties.  The Proposed Order would only apply to the Trustee's ability to take depositions pursuant to such subpoenas during the stay period.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein.

Dated:  March 4, 2024

<div style="margin-left:40%">

By: _/s/ Nicholas A. Bassett_
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

  *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

  *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

</div>

10

**EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------x
                                                              :
In re:                                                        :      Chapter 11
                                                              :
HO WAN KWOK, *et al.*,[1]                                     :      Case No. 22-50073 (JAM)
                                                              :
            Debtor.                                           :      (Jointly Administered)
---------------------------------------------------------------------x
                                                              :
LUC A. DESPINS, Chapter 11 Trustee,                           :      Adv. Proceeding  24-05273
                                                              :
            Plaintiff,                                        :
                                                              :
v.                                                            :
                                                              :
HING CHI NGOK, MEI GUO, QIANG GUO,                            :
WILLIAM JE, YVETTE WANG, XUEBING WANG,                        :
MAX KRASNER, CHUNGUANG HAN,                                   :
YONGBING ZHANG, AARON MITCHELL, GTV                           :
MEDIA GROUP, INC., SARACA MEDIA GROUP,                        :
INC., HUDSON DIAMOND NY LLC, G-CLUB US                        :
OPERATIONS LLC, BRAVO LUCK LIMITED,                           :
GREENWICH LAND LLC, CRANE ADVISORY                            :
GROUP L.L.C., G-CLUB OPERATIONS LLC, GS                       :
SECURITY SOLUTIONS INC., GYPSY MEI FOOD                       :
SERVICES LLC, HCHK TECHNOLOGIES INC.,                         :
LEXINGTON PROPERTY AND STAFFING,                              :
HAMILTON OPPORTUNITY FUND SPC, TAURUS                         :
FUND LLC, TAURUS MANAGEMENT LLC,                              :
LEADING SHINE NY LTD., ACA CAPITAL                            :
GROUP LIMITED, RULE OF LAW FOUNDATION                         :
III, INC., RULE OF LAW SOCIETY IV, INC.,                      :
HAMILTON PE FUND SP, HAMILTON DIGITAL                         :

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

ASSETS FUND SP, HIMALAYA CURRENCY                  :
CLEARING PTY. LTD, HIMALAYA                         :
INTERNATIONAL FINANCIAL GROUP LIMITED,  :
HOLY CITY HONG KONG VENTURES, LTD.,     :
VICTOR CERDA, ANA C. IZQUIERDO-HENN,    :
HAITHAM KHALED, JESSICA                            :
MASTROGIOVANNI, ALEX                               :
HADJICHARALAMBOUS, BEILE LI, ANTHONY      :
DIBATTISTA, GLADYS CHOW, SCOTT            :
BARNETT, HAORAN HE, HSIN SHIH YU,        :
LIMARIE REYES MOLINARIS, NICHOLAS        :
SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR    :
USA, INC., G CLUB INTERNATIONAL LIMITED, :
GNEWS MEDIA GROUP INC. HIMALAYA          :
INTERNATIONAL CLEARING LTD., HUDSON      :
DIAMOND HOLDINGS LLC, LAWALL &            :
MITCHELL, LLC, O.S.C. ORBIT SERVICE       :
COMPANY LLC, and SAVIO LAW LLC            :
                                                   :
                    Defendants.                    :
-----------------------------------------------------------------x
                                                   :
LUC A. DESPINS, Chapter 11 Trustee,                :
                                                   :           Adv. Proceeding  24-05249
                    Plaintiff,                     :
                                                   :
v.                                                 :
                                                   :
ACA CAPITAL GROUP LTD., ALFA GLOBAL        :
VENTURES LIMITED, ALFONSO GLOBAL          :
VENTURES LIMITED, ANTON DEVELOPMENT      :
LIMITED, BRAVO LUCK LIMITED, CELESTIAL    :
TIDE LIMITED, CHINA GOLDEN SPRING         :
GROUP (HONG KONG) LTD., EASTERN PROFIT    :
CORPORATION LIMITED, FREEDOM MEDIA        :
VENTURES LIMITED, G CLUB INTERNATIONAL    :
LIMITED, G CLUB OPERATIONS LLC,           :
G FASHION (CA), G FASHION HOLD CO A       :
LIMITED, G FASHION HOLD CO B LIMITED, G   :
FASHION INTERNATIONAL LIMITED,            :
GFASHION MEDIA GROUP INC., G MUSIC LLC,   :
GF IP, LLC, GF ITALY, LLC, GFNY, INC.,     :
HAMILTON CAPITAL HOLDING LIMITED,         :
HAMILTON INVESTMENT MANAGEMENT           :

LIMITED, HAMILTON OPPORTUNITY FUND        :
SPC, HAORAN HE, HIMALAYA CURRENCY         :
CLEARING PTY LTD., HIMALAYA               :
INTERNATIONAL CLEARING LIMITED,           :
HIMALAYA INTERNATIONAL FINANCIAL          :
GROUP LIMITED, HIMALAYA INTERNATIONAL     :
PAYMENTS LIMITED, HIMALAYA                :
INTERNATIONAL RESERVES LIMITED, JOVIAL    :
CENTURY INTERNATIONAL LIMITED,            :
K LEGACY LTD., KARIN MAISTRELLO,          :
LEADING SHINE LIMITED, MAJOR LEAD         :
INTERNATIONAL LIMITED, MEI GUO, NEXT      :
TYCOON INVESTMENTS LIMITED, QIANG         :
GUO, RULE OF LAW FOUNDATION III, INC.,    :
RULE OF LAW SOCIETY IV, INC., SARACA      :
MEDIA GROUP, INC., SEVEN MISSION GROUP    :
LLC, WILLIAM JE, WISE CREATION            :
INTERNATIONAL LIMITED,                    :
                                          :
              Defendants.                 :
------------------------------------------------------------------x

### [PROPOSED] ORDER STAYING ADVERSARY PROCEEDINGS AND GRANTING OTHER RELIEF PENDING DISPOSITION OF CRIMINAL PROCEEDING

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to section 105(a) of Title 11 of the United States Code

(the "Bankruptcy Code"), Rule 7016 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the

"Local Bankruptcy Rules"), to stay Adversary Proceeding Nos. 24-5249 (the "Omnibus Alter Ego

Adversary Proceeding") and 24-5273 (the "Civil RICO Adversary Proceeding", and, together with

Omnibus Alter Ego Adversary Proceeding, the "Subject Adversary Proceedings") and address

other matters pending the conclusion of Debtor's criminal trial; and this Court having jurisdiction

---

[2]     Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Subject to paragraph 5 below, the Subject Adversary Proceedings are hereby stayed pending the conclusion of the criminal trial (the "Criminal Trial") in the case captioned *United States of America v. Ho Wan Kwok, et al.*, Case No. 23-CR-118 (AT) (the "Criminal Case"), pending in the United States District Court for the Southern District of New York (the "Criminal Court"), which trial is presently set to begin on May 20, 2024.

3.    Following the conclusion of the Criminal Trial, the Trustee shall file a notice of resumption of the Subject Adversary Proceedings in both this Court and in the Criminal Court, upon which filings the stay shall terminate (the period from the entry of this Order until such termination, the "Stay Period").

4.    Subject to paragraph 5 below, all activity in the Subject Adversary Proceedings shall be stayed and suspended for the duration of the Stay Period, including without limitation the

2

deadline for parties to answer or otherwise respond to the applicable complaints. No answers or other responses, including without limitation under Federal Rule of Bankruptcy Procedure 7012, may be filed or served during the Stay Period. Upon the conclusion of the Stay Period, subject to further order of the Court, all defendants who have been served with the applicable summons and complaint shall have 30 days from the date of termination of the Stay Period to answer or otherwise respond to such complaint.

5. Notwithstanding anything else herein to the contrary: (a) the Trustee's claims against defendant K Legacy, Ltd. and Qiang Guo in his capacity as nominal owner of K Legacy, Ltd. in the Omnibus Alter Ego Adversary Proceeding shall not be stayed or otherwise affected by this Order; and (b) the Trustee shall be permitted during the Stay Period to (i) undertake efforts to effect service of the summonses and complaints on the defendants to the Subject Adversary Proceedings, and (ii) upon motion to this Court, with notice of such motion filed in the Criminal Court, seek injunctive or other relief in the Subject Adversary Proceedings to prevent irreparable harm to the estate, such as relief necessary to prevent the dissipation of potential estate assets.

6. Absent further order of the Court, no depositions shall occur in the main bankruptcy case, including without limitation pursuant to Federal Rule of Bankruptcy Procedure 2004 subpoenas, or in any adversary proceeding, including without limitation the Subject Adversary Proceedings, during the Stay Period. To the extent the Trustee deems it necessary to pursue a deposition during the Stay Period to protect estate assets or ensure the orderly administration of the chapter 11 estate, the Trustee may file a motion with this Court, upon notice to the parties to the Criminal Case, requesting permission to take such deposition.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

3

8.     This Order shall be effective immediately upon entry.