Case 1:23-cr-00118-AT    Document 312    Filed 04/30/24    Page 1 of 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 29, 2024

**VIA EMAIL & UNDER SEAL**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Miles Guo et al.*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

      The Government writes respectfully to advise the Court that the defendants' longtime personal interpreter appeared as one of two Court interpreters at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Government respectfully requests that the Court prohibit that interpreter from participating in any further proceedings in this case given ▮ apparent undisclosed conflict of interest.

      **I.**    **▮▮▮▮▮▮'s Appearance as a Court Interpreter at the ▮▮▮▮▮▮▮▮▮▮**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Two court interpreters participated in ▮▮▮▮▮▮ and are identified in the transcript as ▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮. *See* ▮▮▮▮▮▮▮▮▮▮▮. At the time of ▮▮▮▮▮▮▮▮▮▮▮▮▮, the Government was not aware of any preexisting relationships between the court interpreters and the defendants.[1]

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the Government was aware that someone named ▮▮ appeared in Guo's MDC contact records. Additionally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Guo's prior counsel included ▮▮▮▮▮▮▮▮'s name on a list of individuals, including several interpreters and attorneys, whose communications should be screened by a filter team. As explained more fully below, the Government did not confirm until after ▮▮▮▮▮▮▮▮▮▮▮▮ that the ▮▮▮▮▮▮▮ who appeared as a Court interpreter at ▮▮▮▮▮▮ was also the defendants' longtime personal interpreter. Similarly, the Government has no reason to believe that the defendants' current counsel of record were aware of ▮▮▮▮▮'s preexisting relationships with the defendants at the time of ▮▮▮▮▮▮▮▮ indeed, ▮▮▮▮▮'s appearances for the defendants in civil cases predate the engagement of current counsel in this matter.

## II. ▬▬▬'s Long Service as the Defendants' Personal Interpreter

The Government has now confirmed that the defendants and at least one G Enterprise entity have paid ▬▬▬ for interpreter services at various points over the course of the last seven years, as detailed below.

### A. ▬▬▬'s Role in Guo's Bankruptcy Proceedings

Most recently, ▬▬▬ served as Guo's and Wang's personal interpreter in depositions in the course of the pending bankruptcy proceedings, playing a substantive role in a disputed issue that arose from one of those depositions.[2] *See* Exhibit B, Transcript of April 6, 2022 Continued 341 Meeting of Creditors, *In re Ho Wan Kwok*, No. 22 Bk. 50073 (JAM) (Bankr. D. Conn.); *see also, e.g., id.* ▬▬▬[3] Indeed, in ▬▬▬ translated for Guo in the course of the ▬▬▬ where Guo gave sworn testimony (the "Guo 341 Testimony"), participating alongside an official interpreter. In the course of the Guo 341 Testimony, ▬▬▬ frequently interrupted to contest the official interpreter's translations. *See* Ex. B, Guo 341 Testimony, at 21-22, 40, 66-67, 84-85, 113-14. At one point, ▬▬▬'s interruptions caused the official interpreter to threaten to leave the proceeding. *See id.* at 21-23 ("Maybe we should have ▬ to interpret. I'm going to excuse myself.").

Several months after the Guo 341 Testimony, Guo argued that the transcript of the Guo 341 Testimony had been mistranslated, and that he had *not* admitted to owning two disputed entities—as the official interpreter had indicated. *See In re Kwok*, Dkt. 1026 at 11 (Bankr. D. Conn. Oct. 26, 2022). On that basis, Guo refused to comply with a bankruptcy court order to produce documents relating to the entities—and the Trustee moved to hold him in contempt. *See id.*, Dkt. 913. Guo's bankruptcy counsel indicated that ▬▬▬ would be called to testify that Guo's the Guo 341 Testimony was mistranslated and that Guo had not admitted to owning the disputed entities. *See id.*, Dkt. 1026 at 11 ("At any hearing on the Motion, the Debtor will put on testimony from an interpreter as to the many material deficiencies in the 'official' translation of the 341 meeting."). The bankruptcy court scheduled an evidentiary hearing on that issue, and ▬▬▬ was deposed in advance of the scheduled hearing. *See* Exhibit A, Transcript of ▬▬▬ In the course of ▬ deposition, ▬▬▬ testified that ▬ first began working for Guo "between 2016 to

---

[2] In addition to Guo's bankruptcy case, ▬▬▬ appeared as the defendants' personal or "check" interpreter in depositions, hearings, and trials in at least the following cases: ▬▬▬; and ▬▬▬.

[3] ▬▬▬'s name does not appear in the transcript of the Guo 341 Testimony; ▬ is identified as the "Private Interpreter." As described below, ▬▬▬ was ultimately deposed ▬ in Guo's bankruptcy proceedings and testified about ▬ participation as Guo's private interpreter at his 341 Testimony. *See*

2017," *id.* 77:15-21, that ▓ was hired by "his office" and by "Ms. Wang," *id.* 80:4-81:2, and that ▓ was typically paid for ▓ work by Golden Spring, *id.* 81:11-83:7, one of the G Enterprise entities. *See* S3 Indictment ¶ 3(a). Guo's bankruptcy counsel ultimately withdrew the argument that implicated ▓'s testimony, and ▓ was never called as a witness in the bankruptcy matter. *See* November 17, 2022 Order Regarding Partial Resolution of Trustee's Contempt Motion, *In re Kwok*, Dkt. 1110 at 2 (noting that Guo "does not contest" the Court's finding that Guo owned and controlled the disputed entities).

    B.    ▓'s Listing as a "Friend" of Guo's on His MDC Contacts List

▓'s relationship with Guo continued after the defendants' March 15, 2023 arrests in this case. On April 27, 2023, Guo's then-counsel in this matter identified ▓, among others, as having served an interpreter for Miles Guo and his daughter, Mei Guo, from approximately 2019 to the present, on a list of persons who could be party to potentially privileged communications.[4] Moreover, ▓ may be continuing to communicate with Guo while Guo is detained at the MDC. ▓ is listed among Guo's phone and mail contacts at the MDC as a "friend" under the name "▓" but with the same phone number ▓ provided to the Court's Interpreters Office in connection with ▓ employment. *See* Exhibit C (BOP Inmate Center Report) at 2, 4; Exhibit D (▓ email and resume provided to SDNY Court Interpreters Office).

    C.    ▓ Application to the Court's Interpreters Office

Following the ▓, the Government contacted the Court's Interpreters Office and was provided with the resume ▓ submitted to the Court Interpreters (the "▓ Resume"). The ▓ Resume lists "notable assignments" on which ▓ worked between ▓ but does not refer to any of ▓ work for Guo, Wang, or in connection with any of the cases in which ▓ appeared on the record as their interpreter—including two cases in this District, ▓ and ▓. *See* Exhibit D. The Government also learned from the Court's Interpreters Office that ▓ first applied for contract work with the Court's Interpreters Office on or abou▓ ▓'s first contract assignment following ▓ application was in or about ▓.

The Government later served a grand jury subpoena seeking additional records—including to determine if ▓ had appeared as a Court interpreter at any other proceedings in this case—and was informed by the Clerk of Court that such records could only be provided pursuant to a court ordered subpoena. The Government defers to the Court as to whether it wishes to issue a court subpoena for additional relevant records, or to inquire directly with the Clerk of Court for

---

[4] Defendants' current counsel of record had not yet been engaged at the point ▓'s name was provided to the Government and were not copied on this April 27, 2023 email to the Government from Guo's then-counsel.

additional information about ▇▇▇'s service—including any additional appearances ▇▇ may have made in this case.[5]

### III. Conclusion

      The foregoing history, in combination with ▇▇▇'s appearance at ▇▇▇ ▇▇▇ without any disclosure of ▇▇ longstanding and potentially ongoing relationship with the defendants, requires the Court to bar ▇▇ participation at any remaining proceedings in this case. See ADMINISTRATIVE OFFICE OF THE U.S. COURTS, *Standards for Performance and Professional Responsibility for Contract Court Interpreters in the Federal Courts* at 1, https://www.uscourts.gov/sites/default/files/standards_for_performance.pdf ("Interpreters shall disclose any real or perceived conflict of interest, including any prior involvement with the case, parties, witnesses or attorneys, and shall not serve in any matter in which they have a conflict of interest.").

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By: /s/
      Ryan B. Finkel / Juliana N. Murray
      Micah F. Fergenson / Justin Horton
      Assistant United States Attorneys
      (212) 637-6612 / 2314 / 2190 / 2276

cc:    Counsel of record (by email)

---

[5] For this reason, and in deference to the Court, the Government has filed this letter under seal. The Government does not object to filing this letter on the docket.