# PAUL HASTINGS

1(202) 551-1902
nicholasbassett@paulhastings.com

July 18, 2024

Hon. Analisa Torres
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    <u>*United States v. Guo, et al*, 1:23-cr-118 (AT)</u>

Dear Judge Torres:

As the Court is aware, we represent Luc Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") in the chapter 11 bankruptcy case of defendant Miles Guo (a/k/a Ho Wan Kwok) pending in the United States Bankruptcy Court for the District of Connecticut. As we indicated in our March 5, 2024 letter (Dkt. 246), we moved (the "<u>Motion</u>") before the Bankruptcy Court for entry of an order staying the adversary proceedings styled *Despins v. Ngok, et al.,* Adv. Proc. No. 24-5273 (referred to as the "<u>Civil RICO Action</u>") and *Despins v. ACA Capital Group Ltd., et al.,* Adv. Proc. No. 24-5249 (referred to as the "<u>Omnibus Alter Ego Action</u>") and addressing other matters pending the conclusion of the trial in the above-referenced criminal case before this Court.

On March 22, 2024, the Bankruptcy Court entered an order (the "<u>Stay Order</u>"), which provided, among other things, that the Civil RICO Action and the Omnibus Alter Ego Action are stayed pending the conclusion of the criminal trial, and directed the Trustee to file a notice of resumption of the Civil RICO Action and Omnibus Alter Ego Action in the Bankruptcy Court and this Court following the conclusion of the criminal trial, upon which filings the stay shall terminate. The Stay Order is affixed hereto as <u>Exhibit 1</u>.

As Your Honor is aware, on July 16, 2024, the criminal trial concluded when a unanimous jury found the defendant Miles Guo (a/k/a Ho Wan Kwok) guilty on nine of the 12 charges against him. In accordance with the Bankruptcy Court's Stay Order, we hereby file this letter to provide notice of resumption of the Civil RICO Action and Omnibus Alter Ego Action. Affixed hereto as <u>Exhibit 2</u> is the Trustee's notice of resumption to be filed with the Bankruptcy Court concurrently.

Respectfully submitted,

/s/ Nicholas A. Bassett


Nicholas A. Bassett
of PAUL HASTINGS LLP


NAB

Encl.

## **Exhibit 1**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------------------x
:
In re:                                                               :   Chapter 11
:
:   Case No. 22-50073 (JAM)
HO WAN KWOK, *et al.*,[3]                                            :
:   (Jointly Administered)
:
Debtor.                                                              :   Re: ECF No. 2975
---------------------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee,                                  :
:   Adv. Proceeding 24-05273
Plaintiff,                                                           :
:
:
v.                                                                   :
:
HING CHI NGOK, MEI GUO, QIANG GUO,                                   :
WILLIAM JE, YVETTE WANG, XUEBING WANG,                               :
MAX KRASNER, CHUNGUANG HAN,                                          :
YONGBING ZHANG, AARON MITCHELL, GTV                                  :
MEDIA GROUP, INC., SARACA MEDIA GROUP,                               :
INC., HUDSON DIAMOND NY LLC, G-CLUB US                               :
OPERATIONS LLC, BRAVO LUCK LIMITED,                                  :
GREENWICH LAND LLC, CRANE ADVISORY                                   :
GROUP L.L.C., G-CLUB OPERATIONS LLC, GS                              :
SECURITY SOLUTIONS INC., GYPSY MEI FOOD                              :
SERVICES LLC, HCHK TECHNOLOGIES INC.,                                :
LEXINGTON PROPERTY AND STAFFING,                                     :
HAMILTON OPPORTUNITY FUND SPC, TAURUS                                :
FUND LLC, TAURUS MANAGEMENT LLC,                                     :
LEADING SHINE NY LTD., ACA CAPITAL                                   :
GROUP LIMITED, RULE OF LAW FOUNDATION                                :
III, INC., RULE OF LAW SOCIETY IV, INC.,                             :
HAMILTON PE FUND SP, HAMILTON DIGITAL                                :

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

ASSETS FUND SP, HIMALAYA CURRENCY :
CLEARING PTY. LTD, HIMALAYA :
INTERNATIONAL FINANCIAL GROUP LIMITED, :
HOLY CITY HONG KONG VENTURES, LTD., :
VICTOR CERDA, ANA C. IZQUIERDO-HENN, :
HAITHAM KHALED, JESSICA :
MASTROGIOVANNI, ALEX :
HADJICHARALAMBOUS, BEILE LI, ANTHONY :
DIBATTISTA, GLADYS CHOW, SCOTT :
BARNETT, HAORAN HE, HSIN SHIH YU, :
LIMARIE REYES MOLINARIS, NICHOLAS :
SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR :
USA, INC., G CLUB INTERNATIONAL LIMITED, :
GNEWS MEDIA GROUP INC. HIMALAYA :
INTERNATIONAL CLEARING LTD., HUDSON :
DIAMOND HOLDINGS LLC, LAWALL & :
MITCHELL, LLC, O.S.C. ORBIT SERVICE :
COMPANY LLC, and SAVIO LAW LLC :
                                  Defendants. :
------------------------------------------------------------------x
                                  :
LUC A. DESPINS, Chapter 11 Trustee, :
                                   : Adv. Proceeding  24-05249
                        Plaintiff, :
                                     :
v. :
                                       :
ACA CAPITAL GROUP LTD., ALFA GLOBAL :
VENTURES LIMITED, ALFONSO GLOBAL :
VENTURES LIMITED, ANTON DEVELOPMENT :
LIMITED, BRAVO LUCK LIMITED, CELESTIAL :
TIDE LIMITED, CHINA GOLDEN SPRING :
GROUP (HONG KONG) LTD., EASTERN PROFIT :
CORPORATION LIMITED, FREEDOM MEDIA :
VENTURES LIMITED, G CLUB INTERNATIONAL :
LIMITED, G CLUB OPERATIONS LLC, :
G FASHION (CA), G FASHION HOLD CO A :
LIMITED, G FASHION HOLD CO B LIMITED, G :
FASHION INTERNATIONAL LIMITED, :
GFASHION MEDIA GROUP INC., G MUSIC LLC, :
GF IP, LLC, GF ITALY, LLC, GFNY, INC., :
HAMILTON CAPITAL HOLDING LIMITED, :
HAMILTON INVESTMENT MANAGEMENT :

```
LIMITED, HAMILTON OPPORTUNITY FUND          :
SPC, HAORAN HE, HIMALAYA CURRENCY           :
CLEARING PTY LTD., HIMALAYA                 :
INTERNATIONAL CLEARING LIMITED,             :
HIMALAYA INTERNATIONAL FINANCIAL            :
GROUP LIMITED, HIMALAYA INTERNATIONAL       :
PAYMENTS LIMITED, HIMALAYA                  :
INTERNATIONAL RESERVES LIMITED, JOVIAL      :
CENTURY INTERNATIONAL LIMITED,              :
K LEGACY LTD., KARIN MAISTRELLO,            :
LEADING SHINE LIMITED, MAJOR LEAD           :
INTERNATIONAL LIMITED, MEI GUO, NEXT        :
TYCOON INVESTMENTS LIMITED, QIANG           :
GUO, RULE OF LAW FOUNDATION III, INC.,      :
RULE OF LAW SOCIETY IV, INC., SARACA        :
MEDIA GROUP, INC., SEVEN MISSION GROUP      :
LLC, WILLIAM JE, WISE CREATION              :
INTERNATIONAL LIMITED,                      :
                                            :
         Defendants.                        :
------------------------------------------------------------x
```

**ORDER STAYING ADVERSARY PROCEEDINGS AND GRANTING
OTHER RELIEF PENDING DISPOSITION OF CRIMINAL PROCEEDING**

Upon the motion (the "Motion")[4] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 7016 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to stay Adversary Proceeding Nos. 24-5249 (the "Omnibus Alter Ego Adversary Proceeding") and 24-5273 (the "Civil RICO Adversary Proceeding", and, together with Omnibus Alter Ego Adversary Proceeding, the "Subject Adversary Proceedings") and address other matters pending the conclusion of Debtor's criminal trial; and this Court having jurisdiction

---

[4] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to paragraph 5 below, the Subject Adversary Proceedings are hereby stayed pending the conclusion of the criminal trial (the "Criminal Trial") in the case captioned *United States of America v. Ho Wan Kwok, et al.*, Case No. 23-CR-118 (AT) (the "Criminal Case"), pending in the United States District Court for the Southern District of New York (the "Criminal Court"), which trial is presently set to begin on May 20, 2024.

3. Following the conclusion of the Criminal Trial, the Trustee shall file a notice of resumption of the Subject Adversary Proceedings in both this Court and in the Criminal Court, upon which filings the stay shall terminate (the period from the entry of this Order until such termination, the "Stay Period").

4. Subject to paragraph 5 below, all activity in the Subject Adversary Proceedings shall be stayed and suspended for the duration of the Stay Period, including without limitation the

2

deadline for parties to answer or otherwise respond to the applicable complaints. No answers or other responses, including without limitation under Federal Rule of Bankruptcy Procedure 7012, may be filed or served during the Stay Period. Upon the conclusion of the Stay Period, subject to further order of the Court, all defendants who have been served with the applicable summons and complaint shall have 30 days from the date of termination of the Stay Period to answer or otherwise respond to such complaint.

5. Notwithstanding anything else herein to the contrary: (a) the Trustee's claims against defendant K Legacy, Ltd. and Qiang Guo in his capacity as nominal owner of K Legacy, Ltd. in the Omnibus Alter Ego Adversary Proceeding shall not be stayed or otherwise affected by this Order; and (b) the Trustee shall be permitted during the Stay Period to (i) undertake efforts to effect service of the summonses and complaints on the defendants to the Subject Adversary Proceedings, and (ii) upon motion to this Court, with notice of such motion filed in the Criminal Court, seek injunctive or other relief in the Subject Adversary Proceedings to prevent irreparable harm to the estate, such as relief necessary to prevent the dissipation of potential estate assets.

6. Absent further order of the Court, no depositions shall occur in the main bankruptcy case, including without limitation pursuant to Federal Rule of Bankruptcy Procedure 2004 subpoenas, or in any adversary proceeding, including without limitation the Subject Adversary Proceedings, during the Stay Period. To the extent the Trustee deems it necessary to pursue a deposition during the Stay Period to protect estate assets or ensure the orderly administration of the chapter 11 estate, the Trustee may file a motion with this Court, upon notice to the parties to the Criminal Case, requesting permission to take such deposition.

7. Notwithstanding the foregoing, as noted on the record at the status conference on March 19, 2024, this Court lacks authority to stay the proceeding before the United States District

3

Court, District of Connecticut, Case No. 3:24-mc-00032-KAD, to consider Defendant Mei Guo's Motion for Withdrawal of the Reference (the "<u>District Court Proceeding</u>") filed on March 14, 2024, and, thus, the stay imposed by this Order and its related provisions shall not be applicable to the District Court Proceeding. However, this Order is without prejudice to the parties' rights in the District Court Proceeding, including without limitation the Trustee's right to seek to stay the District Court Proceeding and Defendant Mei Guo's right to oppose any such request.

8. This Order may be modified, including by the modification or termination of the stay imposed hereby, upon motion by any party and after due notice and a hearing.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. This Order shall be effective immediately upon entry

Dated at Bridgeport, Connecticut this 22nd day of March, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                           :    Case No. 22-50073 (JAM)
:
           Debtor.                                  :    (Jointly Administered)
---------------------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee,                 :    Adv. Proceeding No. 24-05273
:
           Plaintiff,                               :
:
v.                                                  :
:
HING CHI NGOK, MEI GUO, QIANG GUO,                  :
WILLIAM JE, YVETTE WANG, XUEBING WANG,              :
MAX KRASNER, CHUNGUANG HAN,                         :
YONGBING ZHANG, AARON MITCHELL, GTV                 :
MEDIA GROUP, INC., SARACA MEDIA GROUP,              :
INC., HUDSON DIAMOND NY LLC, G-CLUB US              :
OPERATIONS LLC, BRAVO LUCK LIMITED,                 :
GREENWICH LAND LLC, CRANE ADVISORY                  :
GROUP L.L.C., G-CLUB OPERATIONS LLC, GS             :
SECURITY SOLUTIONS INC., GYPSY MEI FOOD             :
SERVICES LLC, HCHK TECHNOLOGIES INC.,               :
LEXINGTON PROPERTY AND STAFFING,                    :
HAMILTON OPPORTUNITY FUND SPC, TAURUS               :
FUND LLC, TAURUS MANAGEMENT LLC,                    :
LEADING SHINE NY LTD., ACA CAPITAL                  :
GROUP LIMITED, RULE OF LAW FOUNDATION               :
III, INC., RULE OF LAW SOCIETY IV, INC.,            :
HAMILTON PE FUND SP, HAMILTON DIGITAL               :

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

| | |
|---|---|
| ASSETS FUND SP, HIMALAYA CURRENCY CLEARING PTY. LTD, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HOLY CITY HONG KONG VENTURES, LTD., VICTOR CERDA, ANA C. IZQUIERDO-HENN, HAITHAM KHALED, JESSICA MASTROGIOVANNI, ALEX HADJICHARALAMBOUS, BEILE LI, ANTHONY DIBATTISTA, GLADYS CHOW, SCOTT BARNETT, HAORAN HE, HSIN SHIH YU, LIMARIE REYES MOLINARIS, NICHOLAS SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR USA, INC., G CLUB INTERNATIONAL LIMITED, GNEWS MEDIA GROUP INC. HIMALAYA INTERNATIONAL CLEARING LTD., HUDSON DIAMOND HOLDINGS LLC, LAWALL & MITCHELL, LLC, O.S.C. ORBIT SERVICE COMPANY LLC, and SAVIO LAW LLC | : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

-----------------------------------------------------------------x

| | |
|---|---|
| LUC A. DESPINS, Chapter 11 Trustee, | : : |
| Plaintiff, | : Adv. Proceeding No. 24-05249 : |
| v. | : : |
| ACA CAPITAL GROUP LTD., ALFA GLOBAL VENTURES LIMITED, ALFONSO GLOBAL VENTURES LIMITED, ANTON DEVELOPMENT LIMITED, BRAVO LUCK LIMITED, CELESTIAL TIDE LIMITED, CHINA GOLDEN SPRING GROUP (HONG KONG) LTD., EASTERN PROFIT CORPORATION LIMITED, FREEDOM MEDIA VENTURES LIMITED, G CLUB INTERNATIONAL LIMITED, G CLUB OPERATIONS LLC, G FASHION (CA), G FASHION HOLD CO A LIMITED, G FASHION HOLD CO B LIMITED, G FASHION INTERNATIONAL LIMITED, GFASHION MEDIA GROUP INC., G MUSIC LLC, GF IP, LLC, GF ITALY, LLC, GFNY, INC., HAMILTON CAPITAL HOLDING LIMITED, HAMILTON INVESTMENT MANAGEMENT LIMITED, HAMILTON OPPORTUNITY FUND | : : : : : : : : : : : : : : : : : : : : : |

2

| | |
|---|---|
| SPC, HAORAN HE, HIMALAYA CURRENCY CLEARING PTY LTD., HIMALAYA INTERNATIONAL CLEARING LIMITED, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HIMALAYA INTERNATIONAL PAYMENTS LIMITED, HIMALAYA INTERNATIONAL RESERVES LIMITED, JOVIAL CENTURY INTERNATIONAL LIMITED, K LEGACY LTD., KARIN MAISTRELLO, LEADING SHINE LIMITED, MAJOR LEAD INTERNATIONAL LIMITED, MEI GUO, NEXT TYCOON INVESTMENTS LIMITED, QIANG GUO, RULE OF LAW FOUNDATION III, INC., RULE OF LAW SOCIETY IV, INC., SARACA MEDIA GROUP, INC., SEVEN MISSION GROUP LLC, WILLIAM JE, WISE CREATION INTERNATIONAL LIMITED, | : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

-------------------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S NOTICE OF RESUMPTION OF CERTAIN STAYED ADVERSARY PROCEEDINGS UPON CONCLUSION OF DEBTOR'S CRIMINAL TRIAL IN UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this notice (the "Notice") of resumption of the Subject Adversary Proceedings (as defined below) in accordance with the Stay Order (as defined below) entered by this Court on March 22, 2024.

On March 4, 2024, the Trustee filed a *Motion to Stay Adversary Proceedings and Obtain Other Relief Pending Disposition of Criminal Proceeding* [Main Case, Doc No. 2975] (the "Motion to Stay")[2] and sought, among other things, to stay the adversary proceedings styled *Despins v. Ngok, et al.*, Adv Proc No. 24-05273 (the "Civil RICO Action") and *Despins v. ACA Capital Group Ltd., et al.*, Adv. Proc. No. 24-05429 (the "Omnibus Alter Ego Action," and

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Stay.

3

together with the Civil RICO Action, the "Subject Adversary Proceedings") pending the conclusion of the trial in the Debtor's criminal case [Case No. 1:23-cr-00118-AT] (the "Criminal Case") pending in the United States District Court for the Southern District of New York (the "SDNY Court").

On March 22, 2024, the Court entered an *Order Staying Adversary Proceedings and Granting Other Relief Pending Disposition of Criminal Proceeding* [Main Case, Doc No. 3038] (the "Stay Order"). The Stay Order provided, among other things, that the Subject Adversary Proceedings are stayed pending the conclusion of the criminal trial (the "Criminal Trial") in the Criminal Case, and directed the Trustee to file a notice of resumption of the Subject Adversary Proceedings in both the Bankruptcy Court and the SDNY Court following the conclusion of the Criminal Trial, upon which filings the stay shall terminate.

On July 16, 2024, the Criminal Trial concluded when a unanimous jury found the Debtor guilty on nine of the 12 charges, including racketeering conspiracy, conspiracy to commit wire fraud and bank fraud, money laundering conspiracy, conspiracy to commit securities fraud, wire fraud in connection with the Farm Loan Program, securities fraud in connection with the Farm Loan Program, wire fraud in connection with G|CLUBS, securities fraud in connection with G|CLUBS, and wire fraud in connection with the Himalaya Exchange. The SDNY Court has scheduled the Debtor's sentencing for November 19, 2024. A copy of the Criminal Trial transcript announcing the verdict is attached hereto as **Exhibit A**.

In accordance with the Court's Stay Order and in light of the conclusion of the Debtor's Criminal Trial, the Trustee hereby respectfully files this Notice of resumption of the Subject Adversary Proceedings. The Trustee is concurrently filing a letter (the "Letter") to the SDNY Court providing notice of resumption of the Subject Adversary Proceedings. A copy of the

4

5

Letter is attached hereto as **<u>Exhibit B</u>**.  ***Pursuant to paragraph four of the Stay Order, all defendants who have been served with the applicable summons and complaint shall have 30 days from the date hereof to answer or otherwise respond to such complaint.***

[*Remainder of page intentionally left blank*]

Dated: July 18, 2024
New York, New York

By: */s/ Nicholas A. Bassett*
Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   *and*

G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
alexbongartz@paulhastings.com

   *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*