UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>HO WAN KWOK,<br>a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal,"<br><br>KIN MING JE, a/k/a "William Je," and<br><br>YANPING WANG, a/k/a "Yvette,".<br><br>    *Defendants*. | Case No. 1:23-cr-00118-AT<br><br>**VERIFIED PETITION OF ARCHIWOODS CAPITAL PTY LTD FOR A HEARING TO ADJUDICATE THE VALIDITY OF PETITIONER'S INTEREST IN CERTAIN PROPERTY LISTED IN PRELIMINARY ORDER OF FORFEITURE**<br><br>**[FED. R. CRIM. P. 32.2; 21 U.S.C. § 853(n)]** |

    Comes now non-defendant Petitioner ARCHIWOODS CAPITAL PTY LTD ("Petitioner" or "Archiwoods"), by and through its counsel, Louis A. Pellegrino, to petition this Court pursuant to Federal Rule of Criminal Procedure 32.2 ("Rule 32.2") and Title 21, United States Code, Section 853(n) ("§ 853(n)") for a hearing to adjudicate the validity of Petitioner's interest in certain property, described more specifically below, and an Order amending this Court's Preliminary Order of Forfeiture entered January 7, 2025, against defendant Yvette Wang ("Wang"), to award the referenced property to Petitioner and not forfeit it to the United States. As explained below, Petitioner is the rightful owner of the property within the meaning of § 853(n) because Petitioner has a right, title, or interest in the property, and such right, title, or

129887539

interest renders the order of forfeiture invalid in part because the right, title, or interest was vested in Petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property. Petitioner states as follows:

1. Archiwoods Capital Pty Ltd, is an Australian company (Australian Company Number 136 522 211 ("Archiwoods") and holds Australian Financial Services License ("AFSL") number 337968.

2. By this Petition, Archiwoods seeks to recover USD $8,894,370.00 (the "Subject Funds") of the USD $89,992,861.75 formerly on deposit in account number 5090042770 at Silvergate Bank ("Silvergate 2770"), held in the name of "Hamilton Opportunity Fund SPC" ("Hamilton SPC") and seized by Special Agents of the Federal Bureau of Investigation ("FBI") pursuant to a duly authorized warrant on or about September 18, 2022 (CATS No. 23-FBI-000074). Archiwoods invested the Subject Funds in Hamilton SPC on or about June 2, 2022, by depositing the Subject Funds into Silvergate 2770.

3. This Petition is filed in response to the government's online publication of notice, which commenced on February 6, 2025, and is therefore timely.

4. Archiwoods is registered in Australia as a Proprietary Limited company. As the holder of an AFSL, it specializes in providing comprehensive financial services including trustee, responsible entity, custodial or depository services, funds management, and investment consulting services.

5. As a licensed private equity fund in Australia, Archiwoods is permitted to manage investment funds. Using the particular investment involved here as an example, upon identifying what it believed to be a viable investment presenting acceptable risk, Archiwoods established a

129887539

Special Purpose Vehicle ("SPV") fund. Potential investors were solicited to invest in the fund through distribution of an application form, an investment/information memorandum ("IM"), and an Information Option Memorandum ("IOM"), which explained the specific investment option details, the investment structure and a risk assessment. Potential investors were required to submit a completed application form and a certified copy of an acceptable form of identification as part of Archiwoods' KYC and verification process. Approved potential investors were sent a confirmation email with instructions to transfer the funds to be invested as explained in the application. Once the investments were collected, Archiwoods transferred the investment funds as outlined in the IM and IOM.

6.   In Australia, this type of investment is called a Managed Investment Scheme ("MIS") or a Managed Investment Trust ("MIT"), and is also known as a "pooled licensed investment vehicle." Such vehicles allow multiple investors to contribute money or money's worth in exchange for an interest or units in the scheme or trust. In this case, investors obtained units in the Archiwoods MGH Investment Option. The investment was operated and overseen by Archiwoods, acting as the Trustee (or "responsible entity"), and Archiwoods Investment Management ("AIM") acting as the "fund manager." AIM is authorized by Archiwoods Capital to act as fund manager and the two entities share directors and shareholders. Investors in the MGH Investment Option had no day-to-day control over the operation or management of the investment.

7.   On or about January 12, 2022, Archiwoods created an SPV Fund called Archiwoods Investment Value Fund (the "Master Fund") which had several sub–Unit Classes ("Investment Options"), each offering exposure to a different investment made by the Master Fund. This allowed Investors to acquire Units in each investment option within the Master Fund

129887539

which would entitle them to share in the returns generated by the Master Fund. In this case, the MGH Investment Option was established as the sub-Unit Class for investment in the Hamilton M&A Fund SP ("Hamilton M&A") investment. The IM for the Master Fund was issued on January 12, 2022. The IOM was issued on February 14, 2022.

8. As explained in the IOM, the MGH Investment Option would open on February 14, 2022, and required a minimum investment of USD $500,000. The target offer amount (that is, the total to be invested) was USD $10,000,000. The investment strategy was to directly invest in Class B shares of Hamilton M&A, a segregated Portfolio of Hamilton Opportunity Fund SPC, the stated intent of which was to acquire up to 90% ownership of Mercantile Global Holdings, Inc, which owned 100% of Mercantile International Bank Corp.

9. The Hamilton M&A offering was fully described in an Offering Memorandum dated January 20, 2022. Archiwoods received subscription documents from Hamilton Fund Manager David Fallon on January 22, 2022, and returned the completed paperwork shortly thereafter. Archiwoods then had further communications with Fallon and Hamilton's administrator, NAV Consulting, to set up the account.

10. The Archiwoods investor funds for the MGH Investment Option were collected by Archiwoods according to the general MIS procedures described above; that is, they were first transferred by individual investors into the Master Fund and then, once collected, invested in the MGH Investment Option account. On June 2, 2022, Archiwoods transferred USD $8,894,370 of investor funds from the MGH Investment Option account into Silvergate 2770, according to the Payment Instructions provided by Hamilton. On June 7, 2022, NAV Consulting confirmed receipt of the transfer. Thereafter, Archiwoods requested and received confirmation that Archiwoods' "account [had] opened in the system and the trade [had] been booked."

129887539

11. Also on July 19, 2022, Archiwoods asked NAV Consulting for the "expected date [when] the deal would be settled." Fallon responded on July 21, 2022, advising "The paperwork is still going through for the purchase of the bank. The fund needs regulatory approval to take on the banking license transfer into the funds [sic] name. This is quite a lengthy onboarding approval process and has taken longer than expected." At that time, Fallon's response did not seem facially unreasonable, given that similar bank M&A cases in Australia had taken more than 12 months, even after regulatory approval was granted. Moreover, Fallon estimated that the deal would be finalized by the end of July 2022. Fallon assured Archiwoods he would advise of a firm launch date and further assured Archiwoods that its "investment [was] safe." There were no further communications from NAV Consulting or Fallon until October 15, 2022.

12. The FBI seized the contents of Silvergate 2770 on September 18, 2022, totaling USD $89,992,861.75. Petitioner is informed and believes, and thereon alleges, that the Subject Funds were included in the funds seized from the account.

13. Despite being under a legal and fiduciary obligation to do so, Hamilton failed to advise Archiwoods of the action taken against the funds in Silvergate 2270, which included the Subject Funds. On October 15, 2022, in an email attaching a letter to investors dated October 13, 2022, Fallon stated that Hamilton was "working to resolve some issues in the acquisition of the Digital Bank," and promised a further update "as soon as progress is made." The letter included no mention of the seizure of investor funds. During this period, Archiwoods continued to follow up with standard market procedures, assuming – in reliance upon its communications with Fallon and others representing Hamilton – that regulatory approval was taking longer than expected.

129887539

14. There were no further communications from Hamilton until March 21, 2023, when Archiwoods received an email from NAV Consulting advising that it would no longer be servicing Hamilton.

15. On March 22 and April 3, 2023, Archiwoods emailed William Je and Fallon asking about the effect of NAV Consulting's withdrawal and the status of the investment. On April 3, 2023, Hamilton provided an "investor update" by email, attaching a "Customer Disclosure Statement." In the Statement, Hamilton stated that "certain monies held by the fund remain subject to a court order granted by the District Court for the Southern District of New York, in proceedings that remain under seal." There was no mention of the fact that the referenced order was a seizure warrant or that the funds had been restrained pursuant to a Court order more than eight months prior to the disclosure. The Disclosure also failed to reveal that the funds had been transferred into a separate account controlled by the government, leaving the false impression that the funds remained in place at Silvergate. In the last paragraph of the April 3 Statement, Hamilton falsely assured its investors that its "focus [was] to keep you as fully informed as possible in relation to the Order affecting the Fund."

16. On May 4, 2023, Archiwoods emailed Je, Fallon and others, asking for another update, but received no reply. The next notification provided to Archiwoods was an email dated June 13, 2023, attaching a second "Customer Disclosure Statement." This statement revealed that the funds had been seized by the government, but described the seizure as "a temporary civil seizure" that the government had acquired through sealed filings, and that Je, the "ultimate beneficial owner of the Fund," had been federally indicted in a charging instrument that was "not … a coherent document capable of straight forward [sic] analysis." The statement further advised that Je was the subject of a separate civil complaint filed by the SEC.

129887539

17. In early October 2023, Archiwoods discovered through its own efforts that Mercantile Global Holdings, Inc. ("Mercantile"), the 100% owner of the digital bank the Hamilton M&A Fund was allegedly seeking to acquire, had commenced an arbitration against Hamilton M&A more than a year earlier – in September 2022 – but the fact of the arbitration had not been disclosed by Hamilton to the investors. On October 9, Archiwoods sent an email to Je, Fallon and others seeking information about the status of Archiwoods' investment, and asking specifically about the Mercantile arbitration proceeding in which an award had been issued on September 13, 2023. Archiwoods also asked about the status of its invested funds and whether they were amongst the seized funds. Approximately seven hours later, Archiwoods received an email update attaching a Statement concerning the Mercantile arbitration and a copy of the September 13, 2023 award.

18. On October 10, Archiwoods again asked that Hamilton confirm the status of Archiwoods' invested funds, including whether the funds remained in the Silvergate account or had been transferred to some other account as a result of the seizure, and whether the funds were at risk of being lost, noting the provision in the Offering Memorandum that holders of Class B shares (which represented the entirety of the Archiwoods investment) would not be subject to pre-acquisition risk. After numerous requests for information, Hamilton provided a letter purportedly written by counsel stating that (1) the investor funds on deposit at Silvergate Bank had been frozen on September 18, 2022, and thereafter transferred on October 4, 2022, to one or more accounts controlled by the government; (2) the funds seized were believed to include Archiwoods' full investment; (3) Hamilton would resist any effort to use investor funds to pay the arbitration award, but could not guarantee that would not occur since the funds were in the hands of the government; but (4) nevertheless suggesting that Archiwoods consider seeking legal

129887539

advice on its own to recover the seized funds from the government directly. The letter also advised that Hamilton had a deadline of December 6 to respond to Mercantile's request to the Court that it affirm the arbitration award, which was ultimately granted. Archiwoods continued to enquire about various issues, including Hamilton's ability to pay any arbitration award using its own resources, but Hamilton declined to answer.

19. In an email of March 17, 2025, Hamilton advised Archiwoods that the government had provided notice of forfeiture proceedings and urging the investors to file claims and petitions for remission to recover their investment funds.

20. From September 2022, when Archiwoods' invested funds were seized, until the present, Hamilton and its representatives repeatedly and consistently deceived its investors through acts of omission and affirmative misrepresentations. They provided overly optimistic expectations that they knew were not achievable, obscured the truth at every turn, and gave knowingly false assurances.

21. Wang entered a guilty plea on or about January 6, 2025 to one count of conspiracy to commit wire fraud (Count One) and one count of conspiracy to commit money laundering (Count Two), each in violation of 18 United States Code, Section 371, and each of which was committed during the period commencing before June 2, 2022 and ending on March 15, 2023. As part of her sentence, Wang was ordered to forfeit her interest, if any, in any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One, and any and all property, real and personal, involved in the offense charged in Count Two, or any property traceable to such property, including the funds seized from Silvergate 2770, specifically USD $89,992,861.75 on deposit in account number 5090042770 at Silvergate Bank seized on September 18, 2022. ECF 488 at 3,

subparagraph (d). A forfeiture money judgment in the sum of USD $1,400,000,000 was also entered against Wang as part of her sentence.

22. The facts set out above demonstrate that Archiwoods is both the owner of the funds invested and a victim of the underlying offenses of conviction within the meaning of § 853(n)(6)(A) in that at the time of the June 2, 2022 investment of the Subject Funds, Archiwoods had a right, title, or interest in the Subject Funds which renders the order of forfeiture invalid as to the amount of the Subject Funds because the Archiwoods right, title, or interest was vested in Archiwoods rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture.

23. Archiwoods holds title to the invested funds as a trustee for its client investors pursuant to Australian law, United States law, and the agreements entered into between Archiwoods and its clients. Moreover, Archiwoods is a victim of the underlying offenses because it holds a present, legally cognizable, valid and good faith interest in the Subject Funds and incurred a pecuniary loss as a direct result of the commission of the offenses underlying the forfeiture.

WHEREFORE, Petitioner respectfully requests and petitions this Court:

a. to amend the January 7, 2025 Consent Preliminary Order of Forfeiture to exclude the Subject Funds, to which Petitioner has a superior interest as an innocent owner;

/ / /

/ / /

129887539

b.      for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters; and

c.      for such other and further relief as the Court deems just and proper.

Date:   April 4, 2025

                                                   Respectfully submitted,

                                                   DENTONS US LLP

                                                   s/Louis A. Pellegrino
                                                 1221 Avenue of the Americas
                                                 New York, New York 10020-1089
                                                 Email: louis.pellegrino@dentons.com
                                                 Phone:  (212) 768-6700
                                                 Fax:     (212) 768-6800

## VERIFICATION

I, <u>Xuebing Wang,</u> am an authorized representative of Petitioner Archiwoods Capital Pty Ltd, holding the title of <u>Director</u>, and I am duly authorized to make this declaration in support of the above Petition.  I declare under penalty of perjury under the laws of the United States that I have read the Petition and believe the facts stated therein to be true, either because I have personal knowledge of said facts, or am informed and believe that they are accurate.

Executed this <u>4th</u> day of April, 2025 at <u>Melbourne, Victoria</u>, Australia.

                                                 _____
                                                 Xuebing Wang