UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::

UNITED STATES OF AMERICA           :

                        -v.-

HO WAN KWOK,
a/k/a "Miles Guo," a/k/a "Miles Kwok,"
a/k/a "Guo Wengui," a/k/a "Brother Seven,"
a/k/a "The Principal,"

KIN MING JE, a/k/a "William Je," and
YANPING WANG, a/k/a "Yvette,"

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VERIFIED PETITION UNDER FED. R. CRIM. P. 32.2 AND 21 U.S.C. § 853(n) FOR ADJUDICATION OF PETITIONER'S RIGHT TO SPECIFIC PROPERTY OF ▮

S1 23 CR 118 (AT)

▮ (the "Petitioner"), pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby respectfully petitions the Court for a determination of the Petitioner's interest in specific property subject to the Court's Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, signed by Your Honor on January 6, 2025 and entered on January 7, 2025, (the "Forfeiture Order") which includes various bank accounts ("Forfeited Accounts"), Dkt. 488, to exclude all property in which the Petitioner has right, title, and interest, namely, ▮ (the "Property"). In support hereof, Petitioner states as follows:

     1. I, the Petitioner transferred US currency to the Forfeited Account .On January. 28,2022, I transferred ▮ to Hamilton Opportunity Fund . Upon information and belief, these funds were transferred into Hamilton Investment Management, Ltd, account number 5090042770 at Silvergate Bank, and seized by the Government on or about September 18, 2022 (23-FBI-000074). (EXHIBIT A)

2. In 2021, the Petitioner, having been solicited by the Defendant and associated parties who repeatedly assured her of substantial financial returns and benefits under the pretext of the G|CLUB membership card program, invested ███████ pursuant to instructions from Kwok and his associates by transferring the funds first to an account with Himalaya Exchange and then to a G|CLUB account at FV Bank (Account No. 7801000254) held in the name of "Himalaya International Clearing, Ltd."—an account seized by the Government on or about September 20, 2022, under case number 23-FBI-000051—with reason to believe that said funds may have also been routed to an account at Mercantile Bank International (Account No. MBI10103000), held in the name of "G Club International Ltd." and similarly seized on or about October 16, 2022, under case number 23-FBI-000287, with the possibility that additional forfeited accounts may be involved (EXHIBIT B).

3. In conclusion, the Petitioner transferred a total of ███████ USD from June 11, 2021, to December 24, 2021, to the forfeited account numbered 7801000254 at FV Bank, held in the name of "Himalaya International Clearing, Ltd." This account was seized by the Government on or about September 20, 2022, under case number 23-FBI-000051. (Exhibit C)

4. In accordance with the instructions of Kwok, Wang, William Je, Himalaya Farm Alliance, and their associates, I transferred a total of ███████ USD to various accounts they provided. Ultimately, it was determined that the funds were transferred to a U.S. account held by Prime Trust LLC, with account number 2030136050. This account was initially designated as the receiving account for Himalaya Exchange. Given that this account has been publicly identified as the official receiving account for Himalaya Exchange, it is reasonable to infer that the funds may have subsequently been transferred to other accounts that have been forfeited by the Department of Justice. (Exhibit D).

5. In particular, the court confiscation list included Kwok's purchase of fancy cars, luxury villas and estates, among other luxury items. I'm sure Kwok used to display them. So I have reason to believe that Kwok purchased these items with Victims /investors' money.

6. In March 2023, Defendants Kwok and Wang were arrested. Defendant Je remains at large.

7. Petitioners were unaware of the criminal nature of the Himalaya exchange, Hamilton Fund, G|Clubs, Inc. et al. prior to Respondents' arrest. After his arrest, Petitioner learned that Respondent had been charged with conspiracy to commit wire fraud, securities fraud, bank fraud, and money laundering in violation of 18 U.S.C. § 1349, as well as related substantive counts.

8. On May 3, 2024, Defendant Wang pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 pursuant to a plea agreement with the Government, wherein Defendant Wang agreed to forfeit to the United States a sum of money equal to $1.4 Billion through various accounts and other property, including forfeiting all right, title, and interest of the Property. See Dkt. 325.

9. On May 3, 2024, Defendant Wang consented to the entry of Preliminary Order of Forfeiture as to Specific Property/Money Judgment, including all funds provided byPetitioner into the Forfeited Accounts as detailed above. See Dkt. 329.

10. On July 18, 2024, Defendant Kwok was convicted after a Jury Trial of Racketeering Conspiracy, Conspiracy to commit, Wire or Bank, Money Laundering and Securities Fraud, as well as related substantive counts. See Dkt. 395.

11. On January 7, 2025, Defendant Wang was sentenced by Your Honor to 120 months imprisonment. See Dkt. 489.

12. On January 7, 2025, Your Honor signed the Order of Forfeiture as to Specific Property/Money Judgment. See Dkt. 488.

13. Petitioner was not consulted prior to the entry of the Forfeiture Order. Petitioner had no knowledge that Defendant Wang consented to forfeit the Property.

14. As a victim of Defendant Wang, Petitioner has an interest in the Property which Defendant Wang had no authority to agree to forfeit. Rather, Petitioner has a superior interest in the Property which cannot be the subject of the Forfeiture Order relating to Defendant Wang.

15. Petitioner was not involved in the aforementioned crimes, except as a victim, nor was he knowledgeable of the Defendants illicit and illegal activities. Accordingly, Petitioner is also an innocent third party pursuant to 21 U.S.C. § 853(n). Any third party "asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

16. 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and additional facts supporting the petitioner's claim, and the relief sought." Id. § 853(n)(3).

17. Here, Petitioner is the lawful owner of the Property – having been defrauded of the Property by the Defendants.

18. In the alternative, Petitioner is a bona fide purchaser for the value of his interest in the Property under 21 U.S.C. § 853(n)(6)(B), as he provided the Property to Defendants under false and fraudulent pretenses.

19. Petitioner was made aware of the Order of Forfeiture by viewing it at www.forfeiture.gov(which was published from February 6, 2025 through March 7, 2025) noting that: "[p]ursuant to Title 21, United States Code, Section 835(n), persons other than the defendant who wish to assert a legal interest in property that has been ordered forfeited to the United States must file a petition for a hearing to adjudicate the validity of their alleged interest in the property with the Court within thirty (30) days of the final publication of notice, or receipt of actual notice, whichever is earlier."

20. Petitioner has filed this petition within 30 days of the final publication of notice.
WHEREFORE, Petitioner respectfully requests and petitions this Court:

    a. to amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party, superior interest, and/or a bona fide purchaser for value;

    b. for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters;

    c. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully asserts a claim for compensation for his interest in the Property;

    d. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully moves this Court to be granted restitution and/or payment of the Property through the remission process;

    e. for such other and further relief as the Court deems just and proper.

Dated: April 5, 2025,                                                                           Respectfully Submitted,

## VERIFICATION

I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on April 5th, 2025 in ▮▮▮▮▮▮▮▮▮▮.

