UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK UNITED STATES OF AMERICA,

Plaintiff,

-against-

HO WAN KWOK, a/k/a "Miles Guo," et al.,

Defendants. Case No. 1:23-cr-00118-AT

THIRD-PARTY PETITION FOR ANCILLARY HEARING PURSUANT TO 21 U.S.C. §
853(n), MOTION TO RELEASE FROZEN PROPERTY UNDER RULE 41(g),
DECLARATION OF INVALIDITY OF PRIOR PETITION FOR REMISSION AND
DELEGATION FORM, REQUEST FOR PRIVACY PROTECTION, REQUEST FOR
COURT ASSISTANCE IN OBTAINING ASSET RECORDS, AND DEMAND FOR
GOVERNMENT RESPONSE WITHIN COURT-ORDERED TIMEFRAME

TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE:

I, 【Petitioner, redacted】 appearing pro se, respectfully submit this petition pursuant to 21 U.S.C. §
853(n) and Rule 41(g) of the Federal Rules of Criminal Procedure, asserting my legal interest in
frozen property—specifically, the farm loan ($35,000), two GClub membership cards ($70,000),
Himalaya Exchange account assets (Himalaya Dollar (HDO) valued at $205,559 and Himalaya Coin
(HCN) totaling 141,138 locked by Alliance Farms, with remaining balances of HDO 187,365.33 and
HCN 5,633.00 as of September 20, 2022), and HCN locked by Alliance Farms—in connection with
the above-captioned case. As an innocent third-party investor, I request: (1) an ancillary hearing to
adjudicate my claim, (2) the release and return of my frozen assets, (3) a declaration that any prior
victim form (likely a Petition for Remission) or delegation form to Bradford Geyer I submitted was
invalid due to misrepresentation by Alliance Farms and Bradford Geyer, (4) protection of my privacy
through sealing of personal information, (5) court assistance in obtaining records of my investments,
including those related to the A10 project, due to my inability to access my Himalaya Exchange
account (HID: redacted) because of its seizure, and (6) an order directing the Government to file a
response to this petition within a court-specified timeframe. I further challenge procedural errors in

the criminal forfeiture and related bankruptcy proceedings (Case No. 22-50073, U.S. Bankruptcy Court, District of Connecticut) involving Ho Wan Kwok, including lack of notice, overbroad freezing, lack of transparency, and improper prioritization of third-party claimants in bankruptcy.

## I.   INTRODUCTION

1.   I am an innocent investor who lawfully invested in the farm loan ($35,000), two GClub membership cards ($70,000), Himalaya Exchange account assets (HDO valued at $205,559 and HCN totaling 141,138 locked by Alliance Farms, with remaining balances of HDO 187,365.33 and HCN 5,633.00 as of September 20, 2022), and HCN locked by Alliance Farms prior to the March 2023 indictment, with no involvement in the defendants' alleged criminal activities.

2.   My assets have been frozen by the Government or the bankruptcy trustee, Luc A. Despins, in Ho Wan Kwok's bankruptcy case (Case No. 22-50073, U.S. Bankruptcy Court, District of Connecticut), but I am uncertain whether they are listed as criminal proceeds in the forfeiture schedule.

3.   I was misled by Alliance Farms, identified as a suspected co-conspirator in ECF Nos. 382, 388, and 395, and Bradford Geyer, attorney for Himalaya Exchange users seeking victim status, into submitting an online victim form (likely a Petition for Remission) and a delegation form via the Himalaya Exchange platform, specifically through the website https://himalayarestoration.com/, as instructed in an email from Himalaya Exchange dated September 26, 2023 (Exhibit 28). These filings incorrectly implied I was a victim of fraud, which I do not believe, and I declare them invalid (see Exhibit 30: Unsworn Declaration of Misrepresentation).

4.   Due to the seizure of the Himalaya Exchange platform, as referenced in Exhibit 29, I am unable to access my account (HID: redacted) to retrieve transaction records for my HDO, HCN, locked HCN, and investments in the A10 project, necessitating court assistance to obtain these records from the Government, the bankruptcy trustee, Alliance Farms, or Himalaya Exchange.

5. I assert procedural errors in the criminal forfeiture process (e.g., lack of notice, overbroad freezing, lack of transparency) and the bankruptcy case (Case No. 22-50073) (e.g., lack of notice, improper prioritization of third-party claimants, failure to consider the criminal forfeiture exemption under 11 U.S.C. § 362(b)(4)), supported by precedents such as **United States v. Madoff** and **1MDB Civil Forfeiture Litigation.**

6. To protect my personal and financial privacy, I request that the Court seal my personal information (e.g., name, address, phone number, email, financial details, HID:redaccted) due to risks of personal safety, financial harm, harassment, or reputational damage in this politically sensitive case.

7. To ensure timely adjudication of my claims, I request that the Court order the Government to file a response to this petition within a court-specified timeframe, pursuant to Local Rule 49.1 and Federal Rule of Criminal Procedure 47.

8. Pursuant to 21 U.S.C. § 853(n), I request an ancillary hearing to establish my superior legal interest. Under Rule 41(g), I seek the immediate release and return of my frozen assets. Additionally, I request court assistance to obtain records of my investments.

## II. FACTUAL BACKGROUND

9. **My Investments:**

- I invested $35,000 in the farm loan, as evidenced by [Exhibit 1: Farm Loan 1, Exhibit 2: Farm Loan 1-2, Exhibit 3: Farm Loan 2, Exhibit 4: Farm Loan 2-1, Exhibit 5: Farm Loan 3, Exhibit 6: Farm Loan 3-1, redacted for privacy].

- I purchased two GClub membership cards valued at $70,000, as evidenced by [Exhibit 7: GClub 1, Exhibit 8: GClub 2, Exhibit 9: GClub A, redacted for privacy].

- I invested $205,559 in a Himalaya Exchange account (HID: redacted) for Himalaya Dollar (HDO), as evidenced by [Exhibit 10: Himalaya Exchange Top-Up Records, Exhibit 11: HDO 1, Exhibit 12: HDO 2, Exhibit 13: HDO 3, Exhibit 14: HDO 4, Exhibit 15: HDO 5, Exhibit 16: HDO 6, Exhibit 17: HDO 7, Exhibit 18: HDO 7-1, redacted for privacy]. Some HDO was transferred for investment in the A10 project, but due to the seizure of the Himalaya Exchange

platform, I am unable to access my account to provide precise transaction records for the A10

project, though such records are available upon request from the Government, the bankruptcy

trustee, Alliance Farms, or Himalaya Exchange.

- 141,138 Himalaya Coins (HCN) allocated from my investments that were subsequently locked

  by Alliance Farms, as evidenced by [Exhibit 19: HCN 2, Exhibit 20: HCN 2-1, Exhibit 21:

  HCN 3, Exhibit 22: HCN 3-1, Exhibit 23: HCN 4, Exhibit 24: HCN 4-1, Exhibit 25: HCN 4-2,

  Exhibit 26: HCN 1, redacted for privacy]. As of September 20, 2022, my Himalaya Exchange

  account (HID: redacted) held HDO 187,365.33 and HCN 5,633.00, as evidenced by [Exhibit

  27: Screen Capture, redacted for privacy].

10. These investments were made in good faith prior to the March 2023 indictment and are not

    traceable to the defendants' alleged crimes, as supported by [Exhibits 1–27].

11. On or about March 2023, my assets, including the farm loan, GClub membership cards, HDO,

    HCN, and HCN locked by Alliance Farms, were frozen by the Government or the bankruptcy

    trustee, Luc A. Despins, in Ho Wan Kwok's bankruptcy case (Case No. 22-50073, U.S.

    Bankruptcy Court, District of Connecticut).

12. I received no direct written notice of the freeze or forfeiture, violating 18 U.S.C. § 983(a) and

    11 U.S.C. § 341 (bankruptcy notice requirements).

13. On September 26, 2023, I received an email from Himalaya Exchange (Exhibit 28) instructing

    me to complete an online form at https://himalayarestoration.com/ to register with attorney

    Bradford Geyer, identified as independent counsel for Himalaya Exchange users seeking to

    recover assets. Alliance Farms, identified as a suspected co-conspirator in ECF Nos. 382, 388,

    and 395, and Bradford Geyer further instructed investors to submit an online victim form

    (likely a Petition for Remission) and a delegation form, misrepresenting that such filings were

    necessary to recover assets. In or around March 2025, I was misled into submitting these forms,

    believing they were required to protect my rights (see Exhibit 29: Unsworn Declaration of

    Misrepresentation).

14. Third-party claimants in the bankruptcy case (Case No. 22-50073) are attempting to seize my assets, despite my superior legal interest, and the bankruptcy court has failed to consider the criminal forfeiture exemption under 11 U.S.C. § 362(b)(4).

15. Neither the Government nor the bankruptcy trustee has provided a transparent list of seized or frozen assets, preventing me from confirming whether my farm loan, GClub membership cards, HDO, HCN, or locked HCN are designated as criminal proceeds. Additionally, my inability to access my Himalaya Exchange account due to its seizure further hinders my ability to provide detailed evidence of my investments, including those in the A10 project.

## III. LEGAL STANDARD

16. **21 U.S.C. § 853(n):** A third party asserting a legal interest in property subject to forfeiture may petition the court for a hearing to adjudicate their claim, demonstrating a superior legal interest or innocent ownership.

17. **Rule 41(g)**: A person aggrieved by the deprivation of property may move for its return in the district where it was seized (18 U.S.C. § 983(d)).

18. **Innocent Owner Defense**: An innocent owner's property shall not be forfeited if they did not know of or participate in the conduct giving rise to forfeiture (18 U.S.C. § 983(d)).

19. **Bankruptcy Automatic Stay**: Criminal forfeiture is exempt from the bankruptcy automatic stay (11 U.S.C. § 362(b)(4)), but the bankruptcy court must notify all claimants and protect their interests (11 U.S.C. § 341).

20. **Court Assistance for Evidence**: Courts may order limited discovery to assist pro se litigants in obtaining evidence when access is restricted by external factors, such as asset seizures **(Haines v. Kerner, 404 U.S. 519 (1972); United States v. Madoff, 08-cr-00213 (S.D.N.Y.)).**

21. Privacy Protection: Under Federal Rule of Civil Procedure 5.2 and Local Rule 5.3, courts may seal sensitive personal or financial information or allow pseudonymous filings to protect privacy, particularly when public disclosure risks personal safety or involves sensitive financial data **(Doe v. Megless, 654 F.3d 404 (3d Cir. 2011); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008)).**

22. **Government Response:** Under Local Rule 49.1 and Federal Rule of Criminal Procedure 47, the Court may set a reasonable timeframe for the Government to respond to motions to ensure timely adjudication of claims.

23. **Precedents:**

- In **United States v. Madoff, 08-cr-00213 (S.D.N.Y.),** investors successfully challenged inadequate notification and overbroad asset freezes, securing the return of legitimate investments, and retracted filings made under misrepresentation. Courts also assisted investors in obtaining records when access was restricted.

- In **1MDB Civil Forfeiture Litigation (C.D. Cal., 2016–2021)**, third parties obtained relief due to the government's failure to notify and distinguish legitimate assets.

- In **United States v. All Assets Held at Bank Julius Baer, 664 F. Supp. 2d 97 (D.D.C. 2009)**, courts required a direct nexus between frozen assets and criminal proceeds.

- In **Grupo Mexicano de Desarrollo v. Alliance Bond Fund, 527 U.S. 308 (1999),** the Supreme Court limited asset freezes to those directly related to the alleged offense.

## IV. ARGUMENT

24. **I Am an Innocent Owner:**

- My investments in the farm loan ($35,000), two GClub membership cards ($70,000), HDO ($205,559, with 187,365.33 remaining as of September 20, 2022), HCN (141,138 locked by Alliance Farms and 5,633.00 remaining), and the A10 project were made lawfully prior to the March 2023 indictment, as evidenced by [Exhibits 1–27], and I had no knowledge of or participation in the defendants' alleged crimes.

- Under 18 U.S.C. § 983(d), I qualify as an innocent owner, entitled to the return of my property.

25. **Invalidity of Prior Petition for Remission and Delegation Form:**

- In or around March 2025, I was misled by Alliance Farms , and Bradford Geyer, through instructions in a September 26, 2023, email from Himalaya Exchange (Exhibit 28) to register with Bradford Geyer at https://himalayarestoration.com/, into submitting an online victim form (likely a Petition for Remission) and a delegation form, under the false impression that these

were necessary to recover my assets (see Exhibit 29: Unsworn Declaration of

Misrepresentation).

- I do not believe I was defrauded by Ho Wan Kwok and do not consider myself a victim. These

  filings do not reflect my true position and should be declared invalid, as they were submitted

  under misrepresentation.

- This is consistent with **United States v. Madoff**, where courts allowed investors to clarify or

  retract filings made under misunderstanding.

26. **Procedural Errors in Criminal Forfeiture:**

- **Lack of Notice:** I did not receive direct written notice of the freeze or forfeiture, violating 18

  U.S.C. § 983(a), similar to errors in 1MDB Civil Forfeiture Litigation.

- **Overboard Freeze**: The Government has not demonstrated that my farm loan, GClub

  membership cards, HDO, HCN, or locked HCN are traceable to criminal proceeds, as required

  by 21 U.S.C. § 853(c) and United States v. All Assets Held at Bank Julius Baer. My assets

  may be frozen under an overbroad restraining order.

- **Lack of Transparency:** The Government has not provided a clear list of seized assets, as

  noted in ECF Nos. 382, 388, and 395, preventing me from confirming their status.

27. **Procedural Errors in Bankruptcy Proceedings:**

- **Lack of Notice:** I was not notified of the bankruptcy proceedings or the inclusion of my assets

  in the bankruptcy estate in Case No. 22-50073, violating 11 U.S.C. § 341.

- **Improper Prioritization:** The bankruptcy court allowed third-party claimants to assert claims

  over my assets, ignoring the criminal forfeiture exemption under 11 U.S.C. § 362(b)(4).

- **Lack of Transparency:** The bankruptcy trustee, Luc A. Despins, has not disclosed the

  creditor list or asset distribution plan in Case No. 22-50073, hindering my ability to protect my

  rights.

28. **Inability to Access Transaction Records:**

- Due to the seizure of the Himalaya Exchange platform, as referenced in Exhibit 29, I am

  unable to access my account (HID: redacted) to retrieve transaction records for my HDO, HCN,

  locked HCN, and A10 project investments. This restriction, caused by the Government's

actions, prevents me from providing detailed evidence and necessitates court assistance to obtain these records from the Government, the bankruptcy trustee (Luc A. Despins), Alliance Farms, or Himalaya Exchange, as supported by **Haines v. Kerner** and **United States v. Madoff**.

29. **Alliance Farms and Bradford Geyer's Role:**

- ECF Nos. 382, 388, and 395 identify Alliance Farms as a suspected co-conspirator, yet it has not been indicted, raising questions about the Government's failure to distinguish legitimate investor assets from criminal proceeds. Alliance Farms' locking of my 141,138 HCN further complicates my ability to access my assets.

- The September 26, 2023, email from Himalaya Exchange (Exhibit 28) instructed me to register with Bradford Geyer, reinforcing the misrepresentation by Alliance Farms and Bradford Geyer that submitting victim and delegation forms was necessary, potentially prejudicing my rights as an innocent owner.

30. **Privacy Protection:**

- Public disclosure of my personal and financial information (e.g., name, address, phone number, email, investment details, HID: redacted) risks personal safety, financial harm, harassment, or reputational damage due to the politically sensitive nature of this case and its association with sensitive financial matters.

- I respectfully request that the Court seal my personal information in all court filings, pursuant to **Federal Rule of Civil Procedure 5.2, Local Rule 5.3, and the Court's inherent authority, as supported by Doe v. Megless, 654 F.3d 404 (3d Cir. 2011) and Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008)**.

- Alternatively, I request leave to file a separate Motion to Seal to protect my privacy, ensuring that my identity and financial details, including my HID : Redacted, remain confidential.

31. **Need for Timely Government Response:**

- To ensure prompt adjudication of my claims and prevent further financial harm, I request that the Court order the Government to file a response to this petition within a reasonable timeframe, as permitted under Local Rule 49.1 and Federal Rule of Criminal Procedure 47,

typically 14–30 days, to clarify the status of my assets and address the procedural errors alleged herein.

## V. RELIEF REQUESTED

WHEREFORE, I respectfully request that this Court:

1. Grant an ancillary hearing pursuant to 21 U.S.C. § 853(n) to adjudicate my legal interest in the farm loan ($35,000), two GClub membership cards ($70,000), Himalaya Exchange account assets (HDO valued at $205,559 and HCN totaling 141,138 locked by Alliance Farms, with remaining balances of HDO 187,365.33 and HCN 5,633.00 as of September 20, 2022), and HCN locked by Alliance Farms.

2. Order the immediate release and return of my frozen assets under Rule 41(g).

3. Declare any prior victim form (likely a Petition for Remission) or delegation form submitted to Bradford Geyer invalid due to misrepresentation by Alliance Farms and Bradford Geyer, as evidenced by the September 26, 2023, Himalaya Exchange email (Exhibit 28).

4. Declare the freeze invalid due to procedural errors in the criminal and bankruptcy proceedings (Case No. 22-50073, U.S. Bankruptcy Court, District of Connecticut), including lack of notice, overbroad freezing, and lack of transparency.

5. Order the Government, the bankruptcy trustee (Luc A. Despins, c/o Paul Hastings LLP, 200 Park Avenue, New York, NY 10166), Alliance Farms, or Himalaya Exchange to provide records of my investments in HDO, HCN, locked HCN, and the A10 project, as I am unable to access my Himalaya Exchange account (HID:redacted) due to its seizure.

6. Enjoin third-party claimants in the bankruptcy case (Case No. 22-50073) from seizing my assets, pending adjudication of my rights.

7. Protect my privacy by sealing my personal information (e.g., name, address, phone number, email, financial details, HID: redacted) in all court filings.

8. Grant leave to file a separate Motion to Seal, if necessary, to ensure confidentiality of my personal and financial information.

9. Order the Government to file a response to this petition within a court-specified timeframe, pursuant to Local Rule 49.1 and Federal Rule of Criminal Procedure 47, to ensure timely adjudication of my claims.

10. Provide such other relief as the Court deems just and proper.

## VI. DECLARATIONI

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

**DATED**: September 9, 2025

**Signed:** _____

Petitioner redacted

Address redacted

Phone: redacted

Email: redacted

Exhibits:

Exhibit 1–6: Farm Loan 1, Farm Loan 1-2, Farm Loan 2, Farm Loan 2-1, Farm Loan 3, Farm Loan 3-1 [Farm Loan Investment Contract and Payment Records, redacted for privacy]

Exhibit 7–9: GClub 1, GClub 2, GClub A [Membership Card Agreement and Payment Confirmation, redacted for privacy]

Exhibit 10–18: Himalaya Exchange Top-Up Records, HDO 1, HDO 2, HDO 3, HDO 4, HDO 5, HDO 6, HDO 7, HDO 7-1 [Himalaya Exchange Account Payment Records, redacted for privacy]

Exhibit 19–26: HCN 2, HCN 2-1, HCN 3, HCN 3-1, HCN 4, HCN 4-1, HCN 4-2, HCN 1 [Evidence of HCN Sent for Lockup per Instruction of Alliance Farms, redacted for privacy]

Exhibit 27: Screen Capture of Balance in Himalaya Exchange Account (HDO 187,365.33 and HCN 5,633.00 as of September 20, 2022, redacted for privacy)

Exhibit 28: Himalaya Exchange Email, September 26, 2023, Instructing Registration with Bradford Geyer (redacted for privacy)

Exhibit 29: Himalaya Exchange access error

Exhibit 30: Unsworn Declaration of Misrepresentation (under 28 U.S.C. § 1746)