```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/20/2026___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

HO WAN KWOK A/K/A "MILES GUO,"

Defendant.

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Miles Guo, requests that the Court "review the [Classified Information Procedures Act ('CIPA')] Section 4 material and compel disclosure to cleared defense counsel [of] those items material or helpful to [Guo] in the sentencing context." Mot. at 2, ECF No. 783; *see also* ECF Nos. 793, 795 (Government's Responses); ECF No. 796 (Guo's Reply). For the reasons stated below, the motion is DENIED.

I. Background

CIPA Section 4 permits the Court to "authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. § 4.

CIPA "neither creates new discovery rights nor expands the rules of discovery governing the admissibility of evidence." *United States v. Alshahhi*, 628 F. Supp. 3d 449, 453 (E.D.N.Y. 2022). In evaluating the Government's motion under CIPA, the district court, therefore, first determines whether certain information is discoverable. *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). Then, it determines whether the "state-secrets privilege applies" to the information and has been properly invoked. *Id.* Finally, it determines "whether the information is helpful or material to the defense" and exercises its discretion in compelling disclosure. *Id.*

On April 18, 2024, the Court issued a decision on the Government's *ex parte* CIPA Section 4 motion in this case and in 18 Cr. 118-3. *See* CIPA Section 4 Order, ECF No. 294.[1] In that decision, after extensive briefing and a careful *in camera* review of the materials, the Court found that "[m]any of the materials [we]re . . . not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) . . . or Federal Rule of Criminal Procedure 16" and were, therefore, properly withheld from discovery. *Id.* at 4. For the remaining materials, the Court either: (1) approved the Government's redactions, "finding that the redactions omitted information that did not affect

---

[1] Guo's motion references a separate order entered at ECF No. 363. *See* Mot. at 4. The order filed at ECF No. 363 related to motions and proceedings under CIPA Sections 5 and 6(a) and concerned Guo's ability to ask a trial witness about certain classified information during cross-examination. *See generally* ECF No. 363. Because Guo's motion asks the Court to "review the CIPA Section 4 material," the Court does not construe Guo as moving for reconsideration of the order at ECF No. 363, and to the extent that Guo is moving for reconsideration of that order, the Court finds no reason to reopen and relitigate that prior order.

Defendants' ability to present their defenses"; (2) approved substitutions, "holding that the substitutions would provide Defendants with substantially the same ability to present their defenses"; (3) determined after an *ex parte* hearing that the requested deletions were proper as the deleted material was "cumulative of unclassified discovery"; or (4) approved further substitutions provided after the *ex parte* hearing on the grounds that the substitutions "provided Defendants with substantially the same ability to assert their defenses." *Id.* at 4–5.

II. Discussion

Guo now asks the Court to revisit its CIPA Section 4 order, arguing, first, that *Brady* and other discovery obligations apply to sentencing proceedings and therefore require the Court's reexamination of CIPA Section 4 material at sentencing, and second, that because more information may be "relevant" during a Court's sentencing proceedings than is relevant at trial, a second review of the Section 4 materials is warranted. *See* Mot. at 2–3. The Court is not persuaded.

First, even though a defendant's right to receive disclosure from the Government under Rule 16 and *Brady* does not vanish upon his conviction, the Court has already examined his right to disclosure in this case and found that much of the CIPA Section 4 material was, in fact, not discoverable under Rule 16 or *Brady*. *See* CIPA Section 4 Order at 4. Nothing in Guo's motion gives the Court reason to reconsider its holding that the bulk of these materials is not discoverable. For the substitutions that the Court did order, and the materials that the Court found not relevant and helpful to the defense, Guo merely argues that the Court's analysis of what is "relevant and helpful" under CIPA naturally becomes a "vastly different exercise" once a defendant faces sentencing. *See* Mot. at 3. But that does not establish a right to have the Court reexamine discovery at sentencing. The Court reiterates its prior holding that the material redacted from the substitutions did not deprive Guo of substantially the same ability to present his defense. Indeed, the Government's briefing addressed—and the Court already considered—materials potentially relevant for sentencing mitigation. *See* Initial CIPA Section 4 Mot., ECF No. 210. Guo identifies no authority establishing a right to have the Court reexamine each of its prior holdings concerning redacted information at sentencing. *See* Mot. at 3 (citing cases describing CIPA procedures generally).[2]

Second, to the extent that Guo argues that the Court's discovery orders, including its CIPA Section 4 order, failed to consider whether discoverable material would have been "relevant or helpful" for sentencing purposes, the Court construes those arguments as a motion for reconsideration of those orders. *See, e.g.*, Mot. at 4 ("renew[ing]" requests that this Court denied in a February 21, 2024 Order, ECF No. 243, "in the broader context of sentencing"). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Baldeo*, No. 13 Cr. 125, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015) (internal quotation

---

[2] *United States v. Stewart* held that a district court correctly refused to compel materials during discovery under CIPA and otherwise upheld the procedural and substantive reasonableness of the sentences at issue. 590 F.3d 93, 130–32, 134 (2d Cir. 2009). *United States v. Aref* concerned an appeal of a conviction and a defendant's rights during pretrial discovery. *See* 533 F.3d at 76, 78. *United States v. Dumeisi* likewise concerned a challenge to a conviction. 424 F.3d 566, 574 (7th Cir. 2005). CIPA was not raised in the context of sentencing in these cases.

marks and citation omitted), *aff'd*, 615 F. App'x 26 (2d Cir. 2015).  "[A] motion for reconsideration 'is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple.'" *United States v. Lisi*, No. 15 Cr. 457, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).  Indeed, "[t]he standard for granting such a motion is strict." *United States v. Goldberg*, No. 12 Cr. 864, 2021 WL 2444548, at *1 (S.D.N.Y. June 15, 2021) (citation omitted).

Guo's motion fails to meet that strict standard.  His sole argument is that sentencing proceedings are a "broader context" than trial.  Although a Court may consider more information in determining sentence than a jury would in determining guilt, without more, this fact is not a sufficient basis to relitigate the scope of discovery and reopen CIPA proceedings, for the reasons discussed above.

Moreover, such a motion for reconsideration has not been brought within a reasonable time and would further delay resolution of this case.  Guo fails to explain why he did not seek reconsideration of the Court's CIPA orders earlier.  Local Criminal Rule 49.1(b) provides that a party may file "[a] motion for reconsideration . . . within fourteen (14) days after the Court's determination of the original motion."  Although Guo's motion does hinge on the fact that the case is now in sentencing proceedings, the Court notes that Guo failed to make his motion within 14 days of entry of the jury's verdict—or, in fact, within any reasonable time at all.  *See* Jury Verdict, ECF Nos. 394–95 (July 18, 2024).  Guo instead brings this motion almost eighteen months after trial concluded and after sentencing proceedings have been adjourned numerous times at his request, *see, e.g.*, ECF Nos. 512, 719, 782.

Accordingly, Guo's motion is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 783.

SO ORDERED.

Dated: February 20, 2026
 New York, New York

_____
ANALISA TORRES
United States District Judge